No. 31,253

Rose K. Scherger, *Appellant*, v. The Union National Bank, *Appellee*.

(25 P. 2d 588.)

Opinion filed October 7, 1933.

*John Madden, John Madden, Jr.,* and *L. C. Gabbert,* all of Wichita, for the appellant.

*W. A. Ayres, Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs,* and *R. H. Nelson,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Smith, J.: The question here is whether the action is one on a contract or in tort. Judgment was for defendant. Plaintiff appeals.

The case is here on a demurrer to the petition. The petition contained two causes of action. The first cause of action alleged the existence of defendant and that it was authorized to maintain a trust department; that on October 15, 1928, the Arkansas City Office Building Company executed its deed of trust conveying for the purposes of the trust certain lots in Arkansas City; that this deed was executed for the purpose of securing the payment of bonds in the aggregate amount of $240,000; that the deed was delivered to defendant and that the trust and obligations were accepted by defendant by joint execution of the conveyance and assuming the office and trust; that defendant became thereby legally bound to hold and preserve the property intact for the purpose of protecting the purchasers of the bonds against loss by the sale of the property and applying the proceeds thereof to the payment of the bonds, or to

the legal holders of same in case of default in the payment thereof in accordance with the terms and conditions of the deed of trust and the bonds. A copy of the deed of trust was attached to the original petition.

It was further alleged that the president and vice president of defendant bank, acting under the provisions of the deed of trust, made certificate to each bond as it was placed on the market and that plaintiff became the owner of $4,000 worth of these bonds; that each and every one of these bonds was purchased previous to the discovery of the acts of negligence and fraud stated, and upon the signed certificate and verbal representations of the trustee, through its agent and officer, W. B. Harrison, Jr.; that the deed of trust was duly recorded and the rights of the bondholders duly protected, which was believed and relied upon and was an inducing cause of plaintiff's purchase of the bonds; that the purpose of the issuance and sale of the bonds was to procure money for the erection of an office and store building on the real estate in question; that the Arkansas City Office Building Company on November 28, 1928, contracted with the Underhill Construction Company to erect the office building for $198,600, and that the work on the building was commenced on February 1, 1929, and all payments due to October 18, 1929, were duly paid as accrued, but on the 17th day of January, 1930, the Underhill Construction Company began its suit against the trustor for the sum of $52,361.75, the alleged unpaid portion of the consideration of the contract due and unpaid on December 11, 1930; that this amount represented the amount stated in a mechanic's lien filed by the Underhill Construction Company on the 10th day of December, 1929, in Cowley county, Kansas, and this party sought foreclosure and sale of the property under its lien; that the construction company prevailed and the lien, together with costs of the action, was foreclosed, and the real estate, with the improvements thereon, was sold under execution to satisfy it, which, after paying judgment and costs, left as security for the bonds a sum approximating $2,300; that the lien of the construction company was prior to the deed of trust, for the reason that the defendant, through gross carelessness and negligence, failed to file the deed of trust of record until the 14th day of December, 1929, and four days after the filing of the lien by the construction company, and that by reason of the gross carelessness and negligence of the trustee in fail-

ing to record that instrument the whole of the property securing the bonds was forever lost to the *cestuis que trustent.*

The petition further contained the following allegations:

"The trustee caused the loss of said property and the loss of the face of said bonds and accrued interest by reason of its gross carelessness and negligence, in that said trustee, after it had said deed of trust in its possession as such trustee for the purposes of said trust, acting as such trustee, returned the said deed of trust to the trustor, The Arkansas City Office Building Company, on December 8, 1928, with the request that said trustor file the same of record; that said trustee was further grossly careless and negligent in that it had permitted the said trustor to retain said deed of trust and to fraudulently withhold the same from record from the 8th day of December, 1928, until the 14th day of December, 1929, and until after the filing of the said lien for material and labor by said construction company on the 11th day of December, 1929, and thus and thereby making the lien of the bondholders subsequent and inferior to that of said contractor.

"That in addition said trustee was further grossly careless and negligent and guilty of fraudulent concealment, in that previous to the sale of any of said bonds it made certificate on each of said bonds, and by the mouth of one of its officers, W. B. Harrison, Jr., informed and assured Charles M. Sharpe, of The Clyde E. Sharpe Investment Company, broker and agent, who sold all of said bonds, that said deed of trust was duly and properly recorded, well knowing that said agent and broker would so state and represent to prospective purchasers to induce a sale of said bonds; that said broker and agent relying upon the statement of the aforesaid Harrison, did so state to this plaintiff and to each and every purchaser of said bonds that said deed of trust was of record, each and all of said representations being made previous to the purchase of said bonds by the original purchasers thereof, and said signed certificate and verbal statements were inducing causes for the purchase of each and all of said bonds, said statements being believed by such purchasers to be true and relied thereon. That the certificate of the trustee and representation that said deed of trust was of record was each of them false and the said trustee knew the same to be false when made. That the defendant knew or should have known that said deed of trust was not of record, for the reason that it had placed said deed of trust in hostile hands, to wit, the trustor, and permitted same to be and remain in such hostile hands for a period of fourteen months and until after the lien of the Underhill Construction Company had been placed of record, by reason whereof the said defendant was guilty of gross carelessness and negligence.

"That defendant, as trustee under and by virtue of the office and trust created by said deed of trust, by its express terms and the implied constructive trust thereby created; by its acceptance and assumption of office and undertaking to record said deed of trust and carry out the acknowledged duties and responsibilities of trustee thus conferred as a matter of law; occupied a fiduciary relation to the *cestuis que trustent,* and said trustee was under the duty and obligation to exercise the highest degree of care to preserve the property

intrusted to its care as security against loss in the purchase of said bonds by the purchaser, and for which said office and trust was created. That said trustee knew, or by the use of ordinary care could have known, that the filing of a lien for material and labor upon the part of the Underhill Construction Company was probable, and that the possession of the deed of trust by the trustor so grossly negligently permitted to be in its possession and so grossly negligently permitted to remain unrecorded for more than one year, imperiled the security of the bondholders, resulting in the loss of same.

"That furthermore said trustee was guilty of fraudulent concealment in that said trustee made a false, fraudulent statement, as aforesaid, that said deed of trust was duly recorded, when in truth and in fact said deed of trust was not so recorded, and induced thereby the *cestuis que trustent,* who believed said statements to be true, to invest in and purchase said bonds, when the said trustee knew said certificates and statement were false and fraudulent at the time of its so making or it could have so known by the exercise of ordinary care. That none of the *cestuis que trustent* discovered the falsity of said statement until after the filing of said deed of trust of record on the 14th day of December, 1929, and the foreclosure of lien for material and labor was begun. That demand for an accounting and reimbursement of loss was duly made upon the trustee and by it refused.

"That by reason as above stated said trustee was grossly careless, negligent and improvident; was guilty of fraudulent concealment; was untrue to his trust; and caused, by reason thereof, the loss of the face of said bonds and accrued interest to its *cestuis que trustent,* and should be made to account to plaintiff for the loss sustained as shown by the bonds herein sued upon.

"That said described real estate with said improvement was easily of value equal to the sum of the total of said bond issue, inclusive of interest thereon as specified, should same have been preserved as security therefor, or, if sold upon the market in the usual and ordinary course and other than by forced sale. That said trustor is insolvent, having no property at any time other than its equity in said real estate, now foreclosed, and has defaulted in the payment of interest since October 15, 1929. That by the terms of said bonds the whole of the principal and accrued interest is due and payable, and by reason of the negligence of defendant are uncollectible and wholly without value, to the damage of each and every purchaser of said bonds."

The second cause of action contained the same allegations as the first, with the addition that it set out approximately $136,000 in bonds that had been purchased by various persons and had been assigned to plaintiff.

A copy of the deed of trust was attached to the petition. This deed of trust was in the form commonly used in such transactions. It conveyed the property to the trustee with the provision that the grantor should remain in possession, and provided for the issuance of bonds. The provisions of the deed of trust that are of interest to us are as follows:

"Seventh: The grantor hereby covenants, promises and agrees that it will well and truly pay, or cause to be paid to the respective holder or holders thereof, the principal of each of said bonds and the interest thereon as the same shall become respectively payable.

"Eighth: Grantor further covenants, promises and agrees to promptly pay for any and all improvements made upon said premises during the continuance of this lien, and that it will not at any time permit, or cause any lien of any kind to be placed upon or filed against same and remain of record for more than ten days, except that grantor shall have the right to contest any mechanics' lien which it deems unjust and which has first received the approval in writing of the trustee and permission given to contest the same.

"Ninth: Until default shall be made in the performance of any of the conditions or covenants hereof, or in the payment of the said bonds or the interest thereon, or any part thereof, grantor shall have and enjoy the exclusive possession, handling and control of the property hereinbefore described.

"Tenth: In case default shall be made in the performance of any covenants, promise or condition herein, or in the said bonds or coupons, then in each and every such case when such default shall continue for a period of ninety days, and after the trustee shall have given written notice to the grantor of such default, then the trustee shall have the right to declare all of the bonds and all interest accrued thereon, whether the same shall by their terms have matured or not, to be immediately due and payable and may exercise any of the remedies herein given or provided by law for the enforcement of the provisions hereof and for foreclosure or the appointment of a receiver and may proceed to protect and enforce the rights of the trustee and of the bondholders hereunder by suit or suits for the enforcement of any remedy which the trustee, being advised by counsel, shall deem effectual or desirable to protect and enforce the rights aforesaid.

"Eleventh: Grantor covenants that in case default shall be made in the prompt payment of any sum of money secured hereby, to pay the trustee, upon demand, for the benefit of the holders of said bonds and coupons, the whole amount of such bonds and coupons, then outstanding, with interest from the date of such default at the rate of ten per cent per annum, and in case grantor fails to pay same upon demand, the trustee in its own name as trustee of an express trust shall be entitled to recover judgment for the whole amount thereof, and further if such default shall continue for a period of ninety days, then trustee shall have the right to take possession of the said mortgaged property and appurtenances thereunto belonging and collect the rents thereon and apply said rents toward the payment of said bonds and interest, and the expenses of operating said premises.

"Twelfth: In case the trustee shall elect to institute foreclosure proceedings or in case it becomes the trustee's duty to institute such proceedings, title to the choses in action evidenced by the bonds shall by such event pass to the trustee, with power in the trustee for the bondholders, to bid in the property for the benefit of the bondholders if the trustee shall so deem advisable and for itself as the various interests appear, at any judicial or execution sale or sales, and in so doing to apply the amount of said judgment upon the purchase

price to such extent as may be applicable or may be deemed applicable by the trustee.

"Thirteenth: No delay or omission of the trustee, or of the holder of any bond or bonds secured hereby to exercise any right or power accruing upon any default as aforesaid, shall impair any such right or power or be construed as a waiver of any such default or acquiescence therein, and no waiver by the trustee or the bondholders of any default in the provisions hereof shall estop or prevent the trustee or bondholders from proceedings hereunder in case of subsequent defaults.

"Fourteenth: It is covenanted and agreed between the parties hereto and all holders of the bonds hereunder, that the recitals contained herein or in the bonds are made by and on the part of the grantor, and trustee assumes no responsibility with reference thereto and trustee assumes no responsibility as to the validity of this deed of trust or as to the execution hereof or as to the amount or extent of the security offered or the property covered by this deed of trust, and the trustees shall not in any way be liable for the consequences of any pledge on the part of the grantor or the covenants herein contained, or for any other act or thing hereof, except it be the negligence of the trustee."

To this petition the defendant interposed a general demurrer. This was sustained, and plaintiff appeals.

In sustaining the demurrer the court held that the cause of action stated in the first count was barred by the statute of limitations, because the petition showed on its face that plaintiff bought her bonds on June 15, 1929, and did not commence the action until August 15, 1931. The court also held that both causes of action were barred because the right of action accrued on February 1, 1929, when work was commenced on the building, and the action was not commenced until August 15, 1931. The demurrer to the second cause of action was also sustained because the bonds upon which that cause was based were assigned to the plaintiff, and the court held that the cause of action stated was one in tort and such causes of action are not assignable.

What is the nature of the action stated? Is it in tort? Defendant says it is, and if defendant is correct the two-year statute of limitations applies and the action is barred. Is it on contract express or implied? Plaintiff says it is. If so, then the action was not barred. The answer to these questions will determine the outcome of the case, for if the suit is upon a contract the chose in action may be assigned.

An action must be based on some definite legal theory. It must be either *ex contractu* or *ex delicto*. It should be so framed as to enable the court to ascertain what theory is relied upon. In the

case of *Davis v. Union State Bank,* 137 Kan. 264, this question was considered. There a petition was considered which, plaintiff urged, stated a cause of action for malicious prosecution, while defendant argued that it stated a cause for slander of title. Plaintiff in that case urged that since the petition stated the facts it should be held to state a cause of action on whichever theory was most favorable to plaintiff. The court followed the rule laid down in 49 C. J. 117. There it is said:

"Every pleading must be based upon some definite consistent theory, and the nature and character of an action is determinable by the pleadings. Where it is doubtful upon what theory the pleading was drawn, the court will construe it according to the theory it deems most in accord with the facts alleged. The pleading should be construed so as to prevent parties from being misled. Thus it has been said that the court should consider what the opposite party had reason to understand was the issue tendered."

In the Davis case the court proceeded to examine the petition and held that it stated a cause of action for slander of title. (See, also, *Grentner v. Fehrenschield,* 64 Kan. 764, 68 Pac. 619; *McDowell v. Geist,* 134 Kan. 789, 8 P. 2d 401.)

It then becomes necessary to examine the facts alleged in this petition. What was the cause of the loss that was sustained by plaintiff? When the petition is analyzed we find it was the failure of the trustee to record the trust deed. Was there a contract express or implied whereby the trust company agreed to record this trust deed? Certainly there is no such agreement in the trust deed. Nor do we find any allegation in the petition that anyone made any such promise. Are the circumstances alleged such that it may be concluded the law implied a duty on the part of the trust company to record this deed? It has been said that a contract of this kind arises "not from consent but from the law of natural equity," and is "allowed to be enforced by an action *ex contractu.*" (See *Black v. City of Lawrence,* 113 Kan. 518, 215 Pac. 297; also, 13 C. J. 244.)

It should be noted that the question we have is whether the allegations of the petition are such as to lead to the conclusion that the plaintiff is seeking to recover on account of an implied contract on the part of the defendant to record the trust deed. It is well established that a plaintiff cannot commence his action as one to recover for a tort and later change his theory and claim that the action was on an implied contract.

A careful examination of the petition discloses that no claim is made that there was a contractual obligation on the part of the

trustee to record this instrument. On the other hand, the petition contains many allegations of negligence. It states that there were "acts of negligence and fraud." Again, it speaks of "gross carelessness and negligence." Again, it alleges that the trustees acted "grossly negligently." Again, it is alleged that the trustee "was guilty of fraudulent concealment." The petition again charged that trustee "was grossly careless, negligent and improvident," and "was guilty of fraudulent concealment." All these expressions are those commonly used to describe an action in tort. This feature of the petition might not be sufficient by itself to stamp the action as one to recover for a tort. A careful examination, however, does not reveal any allegations even tending to set up an obligation on the part of the defendant to record this instrument.

There is an element that has been generally held to be necessary to make out a right to recovery on an implied contract. It must appear that the person sought to be charged must have enriched himself at the expense of the person seeking to charge him. That is the legal fiction out of which the theory of implied contracts grew. This state has recognized that rule. In *Fanson v. Linsley*, 20 Kan. 235, this court held:

"Where one person commits a wrong or tort against another, without any intention of benefiting his own estate, and his own estate is not thereby benefited, the law will not imply or presume a contract on the part of such wrongdoer to pay for the resulting damages; and such cause of action cannot be used as a set-off." (Syl. ¶ 3.)

The rule was followed in *Greer v. Newland*, 70 Kan. 310, 77 Pac. 98.

In 3 Street on Foundations of Legal Liability the rule is stated as follows:

"On general principle the rule is that wherever one person commits a wrong or tort against the property of another, with the result of benefiting his own estate, the law will, at the election of the party injured, impose a contractual duty on the wrongdoer to pay the party injured the full value of the property appropriated; and this duty may be enforced by the action of *indebitatus* in some of its forms.

"The proposition just stated indicates the point beyond which the fiction of contract cannot be indulged. No form of *indebitatus* will lie to recover damages for a merely destructive trespass. It is essential that there should be an unjust enrichment of the estate of the tortfeasor. This limitation will be found to be inherited from the action of debt. To create a common-law debt, the *quid pro quo* must accrue as a benefit to the debtor, and at the same time it must move from the creditor. So here the loss of the plaintiff

must be the gain of the defendant. It is not sufficient that the plaintiff suffers a detriment. The legal duty to make reparation for damage does not by implication raise a promise to pay such damage." (p. 199.)

See, also, Keener on Quasi Contracts, 160; Woodward on The Law of Quasi Contracts, 439; 1 C. J. 1032; *Braithwaite v. Akin,* 3 N. D. 365.

An examination of the petition reveals no allegations which by the most liberal construction could be held to state that the trust company was benefited by the failure to record the trust deed, or that any benefit was intended. This being true, we have reached the conclusion that the cause of action which plaintiff pleaded was one for damages for the alleged wrongful failure to put the instrument on record. This being the case, it follows that the action was one to recover for a tort; that the statute of limitations had run, and that the chose in action described in the second cause of action could not be assigned.

The judgment of the trial court is affirmed.

HARVEY, J., dissenting.

DAWSON, J. (dissenting): With reluctance I am constrained to dissent from the opinion and decision of the majority of the court. While it is true that the denunciatory matter in the petition sounds chiefly in tort and not in contract, yet I think that the petition may fairly be held to charge a breach of contractual duty by the defendant trustee, in view of the liberal construction to which it is entitled as against a demurrer. The petition narrates the facts touching the execution of the trust deed for the protection of plaintiff's investment, and its acceptance by the defendant trustee as shown by the signature and notarial acknowledgment of its president. As a matter of law, by such acceptance the defendant did contract to exercise and perform certain powers, duties and obligations as set forth in the deed of trust, which is exhibit A attached to plaintiff's petition, and to which appropriate recitals are made therein. The gist of the petition is a rehearsal of allegations as to what extent and in what respects defendant breached its contractual duty as trustee, and the loss and damage thereby sustained by plaintiff.

I hold that plaintiff's cause of action was sufficiently stated to withstand a demurrer, notwithstanding the plethora of verbiage used by the pleader to stigmatize the alleged delinquencies of the defendant.