No. 32,579

R. K. CURTIS, *Appellant,* v. JOHN B. HANNA and JOHN W. STARK, *Appellees.*

(53 P. 2d 795)

Opinion filed January 25, 1936.

*Earl C. Moore, Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith* and *C. H. Morris,* all of Wichita, for the appellant.

*H. W. Hart, Glenn Porter, Enos E. Hook, Getto McDonald, Dwight S. Wallace, Geo. H. Beach,* all of Wichita, *W. N. Banks, O. L. O'Brien* and *W. L. McVey,* all of Independence, for the appellees.

The opinion of the court was delivered by

THIELE, J.: Plaintiff appeals from an order overruling his demurrer to a part of defendant's answer and from an order sustaining a demurrer to evidence adduced by him on trial of the action.

The petition alleged plaintiff met the defendant Hanna and entered into a partnership agreement. Hanna stated to plaintiff, if plaintiff would provide his car for transportation and give his time, they would go out together, get up a block of leases for an oil well and make some money; that plaintiff provided the car and he and Hanna worked together; that plaintiff was to receive an interest with Hanna and share and share alike in the leases and what was made from them; that leases were obtained on certain

described tracts and on thirty-two acres in the northwest corner of the northwest quarter of section 13, township 17, range 9, Ellsworth county, Kansas; that the lease on the last tract was taken in the name of John W. Stark, who came into the partnership to help promote a well on the southwest quarter of said section 13. That at all times in the promotion of the drilling of the well on the lease in the southwest quarter of section 13 and in securing other leases and selling them to obtain money for drilling, plaintiff furnished his car for transportation and gave his full time to the work; that drilling operations were started on October 10, 1934, and on November 20, 1934, a commercial well was brought in, and that a well was brought in on a lease on another piece previously referred to, making the properties very valuable; that the defendants still hold their interests, but refuse to recognize plaintiff has any interest, or that he is a partner in the venture; that no accounting has been had; that he is a partner and entitled to his prorata share; that because of the partnership working agreement plaintiff is the owner of one half of any leases or interests now in possession of defendant Hanna, and the owner of a one-third interest in any lease standing in the name of the defendants, as co-owners, or in the name of Stark, defendant, covered in the real estate referred to. The prayer was for determination of the partnership, for an accounting, etc.

The defendants filed a verified answer making certain admissions not here material, denying any partnership of either or both defendants with plaintiff, and alleging that on November 20, 1934, plaintiff definitely and finally elected to make and assert his claim, if any, on a *quantum meruit* basis, and to seek recovery from defendant Hanna on a money basis and a lien on the leases described in the petition, and not to claim any right, title or interest in such leases and not to claim any partnership; that on November 20, 1934, plaintiff executed and filed for record in the office of the register of deeds of Ellsworth county a verified notice of *lis pendens,* a copy being attached to the answer. That at the time plaintiff had a right to choose one of two methods of redress, and elected to assert his claim as one for money, and not a claim of partnership; that the claim as made in the petition is contradictory of and inconsistent with the claim and election asserted in the notice of *lis pendens,* and the election made is final and conclusive, and that plaintiff now is estopped from asserting he is or was a partner as claimed in his petition. The document denominated *"Lis Pendens"*

is summarized: It gives notice to all interested in the described real estate that R. K. Curtis is about to commence an action against John B. Hanna, who has an interest in oil and gas leases on the said property, for work and labor performed, claiming a lien for $10,000 under an agreement with Hanna in securing the leases and labor and services performed therein. The document was duly verified. Plaintiff's demurrer to that part of the answer alleging election of remedies as not constituting a defense was overruled. Defendants' motion for judgment on the pleadings was denied, and the cause came on for trial. At the conclusion of plaintiff's introduction of evidence in support of his petition, defendants demurred on the ground the evidence failed to prove a cause of action and there was a fatal variance between pleading and proof. The trial court sustained the demurrer, and plaintiff appeals.

We shall discuss plaintiff's assignments of error in the order presented in his brief.

Insofar as fatal variance between pleading and proof is concerned, the record does not disclose it was for that reason the trial court sustained the demurrer, and we are of opinion it was not. The appellee insists the appellant relied upon and attempted to prove a partnership in the trial court, and in his brief now insists he proved a joint adventure. The abstracts do not show what arguments were made to the trial court, and we are not advised as to just what was urged. We assume, however, that the trial court, if the matter was specifically called to its attention, took note of the similarity between a partnership and a joint adventure (see 15 R. C. L. 500, 33 C. J. 841, Annotations in 48 A. L. R. 1055, 63 A. L. R. 909, *Livingston v. Lewis,* 109 Kan. 298, 198 Pac. 952, and cases cited), and concluded the variance was not material, there being under the circumstances no showing the adverse parties had been misled to their prejudice (R. S. 60-753). In any event, if the trial court's ruling on the demurrer was otherwise correct, it makes no difference whether it considered the matter of variance fatal or otherwise, and we therefore consider the question whether a cause of action, either on the theory of partnership or joint adventure, was proved.

Whether a partnership or a joint adventure is relied on, the best evidence consists of the agreement or contract between the parties, but it may be proved by any competent evidence, the burden being on the party asserting the relation to exist. (33 C. J. 870, 47 C. J. 718, 20 R. C. L. 847.) In the proof presented, no specific agreement

or contract was proved, and if there was proof otherwise, it is to be deduced from statements about conversations coupled with what the parties did. A careful examination of the abstracts shows that relations started in April, 1934, plaintiff's statement being:

"Mr. Hanna stated that he had been talking to my uncle, R. V. Curtis, again about going to Russell county and he advised that Mr. Hanna and I could go out there and ship leases in to R. V. Curtis in view of the fact that R. V. Curtis was a salesman and a good man to handle them and the fact that I had a good car and we could go together and R. V. Curtis would share my expenses."

The trip was made, with what result the record does not show. Later plaintiff drove Hanna about while Hanna sought and obtained leases. Hanna paid the hotel bills and for gasoline. Plaintiff says he paid for the oil. At all of these times plaintiff knew that Hanna was taking leases in his own name as the result of individual dealings in which plaintiff, although usually present, took no part, nor did he have anything to do with any sales of leases or contracts for drilling. On November 19, 1934, the first well came in. About that time Hanna asked him to go out and get some leases north of the pool, and plaintiff then stated to Hanna he would not do so, that he had his interests in the pool on which they had been working, that Hanna denied plaintiff had any interest and plaintiff said he was going to Wichita to protect himself, that he had had no conversation at any time with Hanna as to the percentage of interest which he had in the lease; that he went to Wichita and consulted an attorney; the affidavit (*lis pendens*) was prepared. There was much testimony about the number of miles plaintiff drove, where he and Hanna went, etc., but which does not prove any agreement as to the arrangement under which they may have been working. Plaintiff made no attempt to explain the *lis pendens* filed in Ellsworth county, nor to avoid any force or effect it may have had. So far as defendant Stark is concerned, there is an entire lack of any evidence showing an agreement of any nature between him and the plaintiff.

We deem it unnecessary to attempt to define precisely the terms "partnership" and "joint adventure." They have much in common; to a considerable extent a joint adventure is a partnership, not general in its field of operation and length of duration, but limited to a particular enterprise or venture. (33 C. J. 842 and citations above.) In *Rains v. Weiler*, 101 Kan. 294, 166 Pac. 235, there was

dispute between partners as to the duties and obligations, and it was there said that parties may be as firmly bound by implied contracts as by those expressed in formal language, and lacking formal expression the agreement may be found in the mutual acts and conduct of the parties. The plaintiff made no claim that he ever had an express agreement with Hanna, rather he said that at no time was there any conversation about shares. There was no testimony tending to prove an intention to enter into a partnership or joint adventure relation. What can be deduced from the testimony? Plaintiff showed he furnished transportation to Hanna and accompanied him when leases were acquired. With one or two slight exceptions, when he was sent to obtain execution of specific documents, that is all he did. When the first commercial well came in, plaintiff then asserted an interest therein. The exact nature of the claim, that is, whether it was partnership or joint adventure, is not shown and probably was not mentioned, for immediately Hanna denied that plaintiff had any interest. Had plaintiff then and there insisted on his claim as a partner or joint adventurer, there might be ground for saying that from the actions of all parties such a relation existed, but plaintiff promptly proceeded to make a formal declaration of his right to recover the value of his work and labor "under an agreement with the said John B. Hanna in the securing of the leases thereof and labor and services performed therein." We mention this, not as an election of remedies, but as a statement of conduct in the course of dealing between plaintiff and defendant, and as an element in determining whether plaintiff's evidence tended to prove a partnership or joint adventure. Summarized, the evidence failed to show an express contract, it showed performance of services compatible with the claim made in the notice of *lis pendens*, there was no showing the services were performed under any other or different arrangement or understanding, and in our opinion plaintiff failed to sustain the burden of showing either a partnership or joint adventure relation, and the trial court properly sustained the demurrer to his evidence.

It is not necessary that we discuss whether or not the filing of the *lis pendens* constituted an election of remedies precluding the plaintiff from maintaining this action nor whether the trial court ruled correctly on plaintiff's demurrer to that part of the defendant's answer with respect thereto.

The judgment of the lower court is affirmed.