No. 37,851

Tom Grannell, *Appellee*, v. Earl F. Wakefield, *Appellant*.

(217 P. 2d 1059)

Opinion filed May 6, 1950.

*J. B. McKay,* of El Dorado, and *D. Arthur Walker,* of Arkansas City, argued the cause, and *Clem H. Silvers* and *James B. McKay, Jr.,* both of El Dorado, and *W. L. Cunningham, Wm. E. Cunningham* and *William R. Howard,* all of Arkansas City, were with him on the briefs for the appellant.

*Harry O. Janicke,* of Winfield, argued the cause, and *John A. Herlocker,* of Winfield, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action to recover money and for an accounting. The defendant's demurrer to plaintiff's petition was overruled and the defendant has appealed.

The demurrer was directed at the amended petition. On account of the argument made by the defendant, however, attention will first be paid to the original petition.

After stating the residence of the parties, the petition alleged the defendant had been engaged in the business of drilling for oil and gas and owned strings of drilling tools; that about the first of May, 1944, defendant and plaintiff entered into an oral contract, by which plaintiff agreed to act as the general superintendent of the operations of the defendant and from the revenue realized plaintiff was to receive a working salary of twelve dollars a day and one dollar a day for expenses and ten percent of the net earnings and defendant was to receive ninety percent; that defendant was to keep the books and duly account to the plaintiff; that the plaintiff was skilled in the management of rotary drilling operations and performed the agreement and defendant purchased three additional strings of tools; that plaintiff began to work under the terms of the agreement May 1, 1944, and continued so to work until June 30, 1948; that from

the early part of 1945 plaintiff requested an accounting from the defendant and defendant failed to comply with these requests but in January, 1946, defendant orally stated to plaintiff that his share of the profit for 1945 had been $8,000; that during 1946 the plaintiff made many requests of defendant for an accounting and on March 12, 1948, defendant advised plaintiff that the two of them had made a profit of $39,000 for 1945 and lost $70,000 for the years following 1945; that the plaintiff demanded an itemized accounting and defendant advised him that he had an agreement drawn up which would show the relationship of the parties, but that he never showed it to plaintiff; that following the 12th of March, 1948, plaintiff demanded an accounting of the defendant and was refused and on June 30, 1948, plaintiff severed his connection with defendant; that plaintiff discovered during March that statements made to him by defendant were not true and had been made with the intent of defrauding plaintiff; that the defendant was acting in a fiduciary capacity toward plaintiff and the books and records have always been in his possession.

Plaintiff alleged he believed defendant to be indebted to him in the amount of $50,000 and he prayed for an accounting of all the drilling operations and for a judgment in that amount.

To this petition the defendant leveled a motion to strike and a motion to make definite and certain.

At the argument of this motion, counsel for the defendant argued the petition was not based upon a definite theory because it could not be told from the petition whether it was an action for wages on account of a contract between master and servant or for a dissolution of a partnership and an accounting or whether it was an action for fraud. Counsel for the plaintiff made a statement, as follows:

"I stated here that it was my conclusion from the facts stated and the facts of the deal it did constitute a joint adventure, and that is the theory upon which we are proceeding. I state it again. I presume that it is a matter of law for the court to determine whether or not it did constitute a joint adventure or a partnership. From what I stated, our theory of the case is that they entered into an arrangement and agreement, and it was not a contract of employment as such, that Mr. Wakefield was to furnish the operating capital and equipment, and that Mr. Grannell was to manage and do the work in their drilling all the way through their drilling operations."

Before the trial court ruled on this motion the plaintiff filed an amended petition. Its allegations were substantially the same as those of the original. The defendant leveled a motion at this

amended petition to require plaintiff to state the theory of his case and to strike and to make the petition definite and certain.

As to the motion to strike, defendant asked that some eight separate statements be stricken because they were immaterial or stated evidence. The trial court overruled this motion except in two particulars. The matter ordered stricken is not important to us now.

As to the motion to make definite and certain, the defendant asked that plaintiff be directed to state at what times and when defendant was to advance funds for the purchase of equipment, when and how often the defendant promised to pay plaintiff the salary alleged; what items were included in the work that was to be done for individuals and to set forth what interest, if any, the plaintiff claimed he was to own in the equipment or other property belonging to the defendant at the time the contract was made and whether plaintiff was to share in any losses sustained by the alleged partnership. The motion also stated that the defendant be directed definitely and distinctly to state his theory of the case by specifically alleging whether he claimed that plaintiff and defendant were joint adventurers or were partners or were employer and employee.

In ruling on this motion the court sustained that part which asked that plaintiff be required to state how often and when the salary and expenses were to be paid and overruled the rest. The plaintiff by interlineation at a subsequent time amended his petition by alleging that defendant was to draw the sum of $150 a month for expenses and that this was to be charged against the expenses of the operation of the partnership and that all these items had been fully paid.

Subsequent to the defendant's demurrer being filed the plaintiff asked permission to amend the amended petition by inserting at the proper place "intending thereby to enter into a partnership or joint adventure relationship" and at another point by inserting "and capable of and able to earn by reason thereof his share of the profits hereinafter mentioned."

The defendant later moved to strike these allegations from the petition and also to direct the petition to be made more definite and certain in some twelve particulars. This motion was overruled, as well as the demurrer of the defendant to the petition.

The defendant appealed from the order overruling his demurrer, the order overruling his motion to strike filed on July 15, 1949, and the order overruling his motion to make definite and certain made on July 19, 1949.

The specifications of error are that the court erred in overruling defendant's demurrer, in overruling the motion to strike, and in overruling the motion to make the amended petition more definite and certain.

The defendant first points out that plaintiff declared in open court he was basing his action upon a partnership or joint adventure. The defendant then argues the petition should be construed strictly against the plaintiff because of the overruling of the motion to make definite and certain and then points out that the amended petition must be framed upon a distinct and definite theory; that since the amended petition of the plaintiff showed the contract pleaded was actually that of employee and employer rather than a joint adventure or partnership, it did not state a cause of action and his demurrer to it should have been sustained.

Defendant points out his efforts to require plaintiff to state what interest he was to own in the equipment and whether plaintiff was to share any losses. He argues that when this motion was denied and the information was not in the petition, the petition then failed to state a cause of action for an accounting. This argument is not good. Whether plaintiff is entitled to an accounting depends on the contract between the parties. Such a contract is not always stated in formal terms.

The agreement may be found in the mutual acts and conduct of the parties. (See *Curtis v. Hanna,* 143 Kan. 186, 53 P. 2d 795; *National Bank v. Hoover,* 114 Kan. 394, 218 Pac. 1003.) The absence of a specific agreement on the part of the parties to share losses is not necessarily fatal to the right to an accounting. (See *Shoemake v. Davis,* 146 Kan. 909, 73 P. 2d 1043; also *Davidson v. Shaffer,* 153 Kan. 661, 113 P. 2d 90.) The same may be said of the argument of defendant that it was necessary for plaintiff to plead he was to own part of the equipment. Joint ownership is not essential. It is only a circumstance which should be considered along with other circumstances. (See 47 C. J. 666; *Grantham v. Conner,* 97 Kan. 150, 154 Pac. 246; *Matter of Rosenberg,* 251 N. Y. 115, 167 N. E. 190. See, also, *Yeager v. Graham,* 150 Kan. 411, 94 P. 2d 317.)

Defendant next argues that a contract which provides for the payment of a part of the employer's profits as part compensation for services does not create a partnership or joint adventure. For the purpose of deciding whether this petition states a cause of

action we do not care to place a case in any definite category, whether partnership, joint adventure or contract of employment. The petition here is a great deal like that in *Potts v. Lux,* 161 Kan. 217, 166 P. 2d 694. There Potts had sued Lux and other alleged partners for an accounting and for money. The contract pleaded was substantially like the contract here. The plaintiff argued in the trial court that the relationship pleaded was a partnership. The defendant had demurred and argued in the trial court the agreement pleaded was not such a contract. We, on appeal, stated the legal points involved turned upon the proposition of whether the agreement between the parties disclosed a relationship in the nature of a partnership. We pointed out that the question depended in each instance upon the intention of the parties. We held that for the purposes of consideration of a demurrer the petition did state such a cause of action. The action was sent back to the district court and tried. At the trial and on appeal it was argued by plaintiff that the relationship was a partnership. The trial court held it was not a partnership but the contract was one of employment with profit sharing features, which entitled plaintiff to an accounting. We affirmed. (See *Potts v. Lux,* 168 Kan. 387, 214 P. 2d 277.) In this action it cannot be stated at this point just what the evidence will show the relationship to be. In the first Potts' case we said:

"Numbered among the often approved tests to which we have referred are the following: Intention of parties to the contract; sharing in profits and losses; charging of losses against accumulated profits; community of control over management and direction of the business; active participation in management of the affairs of the enterprise; joint control and exercise of ownership over all or part of the business assets; participation in division of the net earnings; sharing in payment of expenses of operation; fixing of salaries by joint agreement; investment in the business of undistributed profits for the purpose of building up a substantial cash reserve; division of undistributed profits in the event of liquidation contingent upon repayment to one of the parties of cash originally invested in capital."

Many of the elements of the relationship, whatever it is, may be showed by proof of surrounding facts and circumstances.

We are familiar with the rule that a petition must be framed on some definite theory. The statute with reference to what a petition must contain is G. S. 1935, 60-704. It provides, in part, as follows:

"The petition must contain: . . . A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition."

This petition stated the facts upon which the plaintiff relied, to call upon defendant to render an account, that is, the relation of the parties and a statement of the matters pertaining to which the accounting was sought. It was not necessary that it state evidence upon which plaintiff relied. Many of the matters defendant argues should be in the petition are within the sole knowledge of the defendant. Under such circumstances the petition stated a good cause of action for an accounting.

The judgment of the trial court is affirmed.