No. 38,750

HARRY A. LANNING, Administrator of the Estate of Walter Scott Goldsberry, Deceased, *Appellant,* v. CLAUDE EUGENE GOLDSBERRY, *Appellee.*

(250 P. 2d 812)

December 6, 1952. Opinion filed.

*Harry A. Lanning,* of Seneca, argued the cause, and *William M. Drumm,* of Seneca, and *Ralph H. Noah,* of Beloit, were with him on the briefs for the appellant.

*A. Harry Crane,* of Topeka, argued the cause, and *Ward D. Martin, Arthur L. Claussen, Richard E. Pringle,* all of Topeka, and *Richard W. Shaw,* of Hiawatha, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This action was commenced in district court by the administrator of an estate in an effort to obtain the possession of and quiet title to certain real estate (a house and lot located in the city of Sabetha), alleged to be a part of the assets of the estate, the title of which was in the name of the defendant. Following joinder of issues by appropriate pleadings defendant's motion for judgment on the pleadings was sustained and the trial court rendered judgment decreeing him to be the owner of the real estate and quieting his title thereto. Plaintiff appeals from that judgment.

The all decisive issue involved on appellate review is of such character as to require an examination of the pleadings and a detailed narration of what is to be found therein.

The petition contains allegations which, for our purposes, may be summarized in the following manner: Walter S. Goldsberry, a resident of Sabetha, Nemaha County, Kansas, died intestate on January 4, 1948. A few days thereafter his sister filed a petition for the appointment of an administrator. Later a controversy arose about who had the right to designate the appointment of such fiduciary. This controversy reached the district court where it was determined Lee Goldsberry was the son of the deceased and had the right to be appointed or suggest the appointment of the administrator. As a result Harry E. Lanning was duly appointed and qualified as administrator of the estate. Other facts alleged in the petition are to the effect that in April, 1947, Walter S. Goldsberry purchased the involved property and paid for it with his own money but was induced by the defendant, Claude Eugene Goldsberry, his brother, to let the title be taken in the name of the latter who, at the same time, executed a deed to Walter S. Goldsberry, blank as to grantee, with authority to fill in his own name or the name of any other person as grantee. The deed from the vendor to the defendant was recorded in November, 1947. The petition further states that the defendant had charge of his brother's papers after the latter's death and that when the present administrator was appointed the deed which defendant had executed in blank and delivered to such decedent could not be and has never been found because he had either destroyed or concealed it. The petition contains other allegations which tend to show that Walter S. Goldsberry was an aged man who for more than a year prior to his death had been in poor health and that defendant, through his confidential relations

with his brother and the exercise of undue influence, wrongfully succeeded in getting the title to the involved property in his name without consideration.

The defendant contested the claims made in the petition by an answer and cross petition. The answer denied generally each and all of the allegations of the petition. The cross petition alleged defendant was the actual legal owner in fee simple of the real estate in question; that he held the legal and record title to such property and was in the possession thereof; that without right plaintiff was making a claim thereto which created a cloud upon his title; and then prayed that the court ascertain and determine the title to the real estate as between the parties and render judgment divesting plaintiff of any right, title, or interest therein.

Plaintiff's response to defendant's answer and cross petition was a reply and answer. This pleading was in unusual form and is of such importance to a determination of the appellate issue involved we deem it necessary to quote it in full in order that there may be no room for speculation or misunderstanding respecting its contents. Omitting the caption and signatures of attorneys it reads:

"Comes now the plaintiff above named and for his Reply to the Answer of the defendant filed herein makes a part of this Reply the testimony of the defendant, Claude Eugene Goldsberry, taken under oath before the Hon. Clifford W. Baldwin, Judge of the Probate Court of Nemaha County, Kansas, on the 5th day of July, 1950, pertaining to the property involved in this action, and by reason of the statements, allegations, denials and admissions therein contained, prays that said defendant be estopped to claim title in himself or the absence of title in the plaintiff.

"WHEREFORE, plaintiff renews the prayer of his Petition.

"Comes now the plaintiff above named and for his Answer to the Cross Petition of the defendant filed herein makes all the statements, allegations and denials of his Reply a part of this his Answer; and further, denies each and every statement, allegation and denial contained in said Cross Petition.

"WHEREFORE, Plaintiff prays that the defendant take nothing by his Cross Petition and plaintiff renews the prayer of his Petition."

Shortly after plaintiff had filed the foregoing reply and answer the defendant filed a motion for judgment on the pleadings which so clearly discloses the question raised and ruled on in the court below that it should also be quoted at length. It reads:

"Defendant moves the court for an order for the entry of judgment in his favor for the reason that the reply of the plaintiff, by making the recorded testimony of the defendant before the Probate Court of Nemaha County, Kansas, a part of plaintiff's pleading, removes any issue for trial and any cause of action by plaintiff against defendant as set out in his petition, in this to-wit:

"1. That testimony of the defendant made part of plaintiff's pleadings, states the conveyance of the property in question was a gift to defendant by his brother, Walter Scott Goldsberry.

"2. That testimony of the defendant made part of plaintiff's pleadings, shows that Walter Scott Goldsberry stated the property in question belonged to the defendant, and that Walter was going to destroy a conditional deed signed in blank by defendant.

"3. That testimony of the defendant made a part of plaintiff's pleadings, states that Walter Scott Goldsberry took care of his own business himself, and made all arrangements for the purchase and title transfer of the property in controversy to the defendant as a gift."

After consideration of the motion above quoted the trial court found it should be sustained and rendered the judgment referred to in the first paragraph of this opinion. Thereupon, after service of notice, plaintiff brought the case to this court under specifications of error charging that the trial court erred in granting defendant judgment on the foregoing motion and in failing to grant plaintiff judgment thereon.

Preliminary to consideration of the issues, and because it must be treated notwithstanding, we feel our obligation to the bench and bar requires the statement that it does not conform to well established practice and is improper, either in a petition (G. S. 1949, 60-704, second), or in an answer (G. S. 60-710), or in a reply (G. S. 1949, 60-717), to fail to state the ultimate facts relied upon in ordinary and concise language without repetition and that where—as here—a pleader in lieu thereof makes a transcript of evidence taken in another proceeding, consisting of numerous pages of testimony in the form of questions and answers, a part of his pleading anything said or held by this court with respect thereto is not to be construed as indicative of its approval of such practice.

Turning to the issues it may as well be said at the outset that this court, under a long line of well established decisions, is committed to the rule that a motion for judgment on the pleadings, like a demurrer, admits all facts well pleaded by the opposing party and should not be sustained unless, upon the admitted facts which must be favorably construed, it clearly appears that the party making the motion is entitled to judgment. For decisions wherein the rule in all its phases is stated and applied see West's Kansas Digest, Pleading, §§ 343, 345(1) and 350(3); Hatcher's Kansas Digest [Rev. Ed.], Pleading, §§ 67, 68 and 71.

Although argued in different ways the gist of all contentions advanced by the appellee in defense of the judgment is that by

making appellee's testimony before the probate court, which it must be admitted was to the effect he had acquired the property in question from his brother by a gift *inter vivos*, a part of appellant's reply and answer to appellee's cross petition appellant adopted, admitted, and was bound by such testimony for all purposes involved in the trial court's determination of its ruling on the motion for judgment on the pleadings, notwithstanding and irrespective of the fact the petition contained divers and sundry well pleaded allegations directly to the contrary. We have given consideration to the arguments advanced as well as the authorities cited in support thereof and, after carefully examining the pleadings in the light of the rule they must be favorably construed in favor of the pleader, have become convinced that appellee's position respecting the force and effect to be given the testimony made a part of appellant's reply and answer, which we pause to note is not supported by any decisions directly in point, cannot be upheld. Conceding, it was neither necessary nor proper to include allegations regarding the testimony taken in probate court in the reply and that those allegations as incorporated in the answer could have been pleaded in better form, we are nevertheless compelled to conclude that such allegations when considered in the light most favorable to appellant must be construed as having been pleaded as an estoppel and not as admitted facts respecting the manner in which appellee had obtained possession of and record title to the real estate in question.

The conclusion just announced might well end the present phase of this lawsuit. Notwithstanding we are constrained to point out that even if appellee's position respecting the force and effect to be given the allegations of the appellant's reply and answer were to be upheld we would nevertheless be compelled to hold that the trial court erred in sustaining the motion for judgment on the pleadings. Assuming, as we have held on many occasions (West's Kansas Digest, Pleading § 305[3]; Hatcher's Kansas Digest [Rev. Ed.], Pleading § 71), that a motion for judgment on the pleadings is the equivalent of a demurrer and should be treated as such in ruling thereon the established rule in this jurisdiction is that inconsistent allegations do not render a pleading demurrable. See, e. g., *Fetzer v. Williams*, 80 Kan. 554, 103 Pac. 77; *Trousdale v. Amerman*, 124 Kan. 614, 261 Pac. 826; *Sluss v. Brown-Crummer Inv. Co.*, 137 Kan. 847, 854, 22 P. 2d 965; *Herd v. Estes*, 154 Kan. 316, 118 P. 2d 575; *Stephens v. Farwell*, 155 Kan. 491, 494, 126 P. 2d 489. More-

over, in *Bailey v. Mosby Hotel Co.,* 160 Kan. 258, 160 P. 2d 701, to which we adhere, we held:

"If allegations of fact in a reply are inconsistent with and constitute a departure from the cause of action asserted in the petition they may be disregarded." (Syl. ¶ 2.)

And at page 259 of the opinion said:

"The pleadings, tested by defendant's motion for judgment, consisted of an amended petition, an answer and a reply. Being tantamount to a demurrer, and treated as such, the motion concedes all facts well pleaded in the petition and reply. Accordingly, we shall examine such facts, together with pertinent averments of the answer not denied in the reply. If any allegations of material fact in the reply are inconsistent with and constitute a departure from the cause of action asserted in the petition they will be disregarded. (G. S. 1935, 60-717; *Kolich v. Travelers Ins. Co.,* 154 Kan. 458, 462, 119 P. 2d 498; *Johnson v. Bank,* 59 Kan. 250, 252, 52 Pac. 860.)"

Based on the foregoing decisions and what has been said and held in this opinion we are constrained to hold the trial court erred in sustaining the motion for judgment on the pleadings and in its subsequent judgment.

We are not disposed to labor contentions advanced by appellant to the effect the trial court erred in failing to render judgment in his favor on appellee's motion for judgment on the pleadings. It suffices to say the reasons given in the opinion for the conclusion announced in the preceding paragraph, as well as the decisions cited in support thereof, make it obvious the trial court's action in refusing to grant him that relief was proper.

The judgment is reversed.