No. 39,236

In re Estate of Jerome P. Kerschen, Deceased. HUGO NETT, JR., by his father and next friend, HUGO NETT, SR., ALBERT KRAUS, et al., *Appellants,* v. LEO R. WETTA, Administrator of the Estate of JEROME P. KERSCHEN, Deceased, *Appellee.*

(269 P. 2d 1033)

Opinion filed May 8, 1954.

*J. Francis Hesse,* of Wichita, argued the cause, and *W. D. Jochems, J. Wirth Sargent, Emmet A. Blaes, Roetzel Jochems, S. C. Durbin, Robert G. Braden, James W. Sargent,* and *Stanley E. Wisdom,* all of Wichita, were with him on the briefs for appellant.

*Robert N. Partridge,* of Wichita, argued the cause, and *George B. Powers, Samuel E. Bartlett, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller,* and *Robert M. Siefkin,* all of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This appeal questions the correctness of an order of the district court sustaining a demurrer against each of two petitions filed in the probate court as claims against the estate of Jerome P. Kerschen, and at the request of the petitioners certified to the district court for trial.

The abstract discloses that on September 15, 1951, Leo R. Wetta was duly appointed administrator of the estate of Jerome P. Kerschen; that he duly qualified as such and published a notice of his appointment on September 22, 1951.

It further shows that on June 21, 1952, Albert Kraus and wife filed in the probate court in the estate of Jerome P. Kerschen, de-

ceased, their petition for a claim against the estate. In this they alleged that they were residents of Sedgwick county and gave their post-office address; that they were the father and mother of Patricia Kraus and her next of kin; that Patricia Kraus died on September 15, 1950, as the result of the negligence of Jerome P. Kerschen, as later stated; that no administration had been had on the estate of Patricia Kraus, and further alleged the appointment of the administrator of the estate of Jerome P. Kerschen.

It further alleged that:

"On September 17, 1950, the said Patricia Kraus was riding in an automobile which was driven by the decedent, Jerome P. Kerschen, said automobile being a 1947 Tudor Deluxe Ford Sedan, bearing motor number 99A-1521419. While riding in said car she was killed because of the negligence of Jerome P. Kerschen and as a result, petitioners have a claim against the estate of Jerome P. Kerschen.

"Said Ford vehicle was being driven in a southerly direction out of Hutchinson, Kansas when, at a point approximately seventeen miles south of Hutchinson, Kansas on State Highway K-17, the decedent, Jerome P. Kerschen, caused the said vehicle to be driven over and across to the east side of the said highway into a cement culvert, thereby demolishing the said automobile, killing two of the occupants of said car and causing the death of the daughter of these petitioners.

"The said Jerome P. Kerschen in driving the vehicle into said culvert, was negligent in the following particulars, to-wit:

"(a) In driving in a reckless, negligent and careless manner.

"(b) In driving said vehicle over and across to the east side of said highway and into the said culvert, which was in full view and plain sight of the decedent.

"(c) In failing to keep the vehicle under proper control so as to stop or turn aside upon having notice of any impending danger.

"(d) By driving at a speed greater than was reasonable under the circumstances at the time and place above mentioned.

"The negligence of the decedent, Jerome P. Kerschen as outlined above, was the sole and proximate cause of the death of Patricia Kraus."

Plaintiffs further alleged their damages; requested the cause of action be certified and transferred to the district court under appropriate statute, and prayed for judgment in the sum of $15,000.

On the same date a petition of Hugo Nett, Jr., sixteen years of age, by his father as next friend, was filed for his claim for damages for personal injuries against the same estate alleged to have resulted from the negligence of Jerome P. Kerschen whose negligence is alleged in the same language that was charged in the Kraus petition. The petition also alleged the damages sustained; requested the transfer of the cause of action to the district court; and prayed for damages in the sum of $15,570.30.

The two petitions were duly certified and transferred to the district court where they were consolidated into one case for the purpose of hearing. In the district court Leo R. Wetta, as the administrator of the estate of Jerome P. Kerschen, deceased, filed a demurrer to each petition for the reason that the petition failed to state facts sufficient to constitute a cause of action against the estate. These respective demurrers were heard by the court; briefs were furnished by counsel; and, after due consideration, each of the demurrers was sustained. This appeal followed.

As far as the grounds of liability of the estate are concerned the petitions are identical and we have printed only the grounds alleged in the Kraus case. We will speak of the cases in the singular.

In this case counsel for appellant point out that no motion of any kind was filed against the petition and argue that the petition is entitled to liberal construction; that against a general demurrer every material fact which has been well pleaded and every reasonable inference to be drawn therefrom must be construed in favor of plaintiffs. That point is well taken. It is also true that when so considered the petition must state a cause of action upon some legal principle. Counsel for plaintiffs contend that if defendant's counsel thought the petition insufficient they should have filed a motion against it. That point is not well taken. Counsel for defendant was under no legal duty to tell counsel for plaintiffs how they might amend an insufficient petition so as to state a good cause of action. See, *Willett v. McCormick*, 161 Kan. 658, 170 P. 2d 821, and authorities there cited.

Here the petition does not state the relationship between the one killed, or injured, and the driver of the car. The only allegation is that "Patricia Kraus was riding in an automobile which was driven by the decedent," and "While riding in said car she was killed because of the negligence of Jerome P. Kerschen." We are not told whether Patricia Kraus was a guest of the driver; whether she was a paid passenger; whether she was a trespasser, or whether the parties were engaged in some joint business as in *Elliott v. Behner*, 146 Kan. 827, 73 P. 2d 1116, or *Le Clair v. Hubert*, 152 Kan. 706, 107 P. 2d 703. Different rules of law apply to these several situations. Defendant was entitled to know what the relationship was in order to make a defense.

In *Grentner v. Fehrenschield*, 64 Kan. 764, 68 Pac. 619, it was held:

"The plaintiff must frame his petition upon a distinct and definite theory,

and upon that theory the facts alleged must state a good cause of action. If the petition is not drawn upon a single and definite theory, or there is such a confusion of theories alleged that the court cannot determine from the general scope of the petition upon which of several theories a recovery is sought, it is insufficient." (Syl. 1.)

"The averments of the petition herein examined, and it is *held,* that there is a confusion of theories, and, also, that there are insufficient facts alleged to sustain any theory." (Syl. 2.)

The rules laid down in this case have been cited and followed in many cases as shown by our citator but in some of them the force of rules stated in syllabus 1 has been somewhat diminished, but we find none of them diminished the force of the rule stated in syllabus 2.

In *Sluss v. Brown-Crummer Inv. Co.,* 137 Kan. 847, 22 P. 2d 965, the rule was stated thus:

"While the general rule is that where a general demurrer is filed to a petition, no motion to make more definite and certain having been presented, the demurrer should be overruled if the facts stated constitute a cause of action, whether well pleaded or not, and inconsistent causes of action do not render a pleading demurrable, a different rule must be applied where plaintiff, as a result of procuring rules favorable to him, defeats every effort of the defendant to ascertain on what theory he founds his cause of action; and in such case, if the petition is not drawn upon a single and definite theory or there is such a confusion of theories that the court cannot determine from the general scope of the petition upon which of several theories a recovery is sought, it is insufficient, and a demurrer thereto should be sustained."

This was quoted and followed in *Sheen v. State Highway Commission,* 173 Kan. 491, 249 P. 2d 934, p. 494, and referred to with approval in *Lanning v. Goldsberry,* 173 Kan. 654, 250 P. 2d 812, p. 658. In 71 C. J. S. under Pleading, § 92, it is said:

"Good practice requires the plaintiff's initial pleading to proceed on a single and definite theory; but, under modern code systems, his pleading may be held sufficient if it states a cause of action on any theory."

Citing, *Grannell v. Wakefield,* 169 Kan. 183, 217 P. 2d 1059; *Sinclair Prairie Oil Co. v. Worcester,* 163 Kan. 540, 183 P. 2d 947; *Dellinger v. Harper County Social Welfare Board,* 155 Kan. 207, 124 P. 2d 513; *Lofland v. Croman,* 152 Kan. 312, 103 P. 2d 772; *Fleming v. Campbell,* 146 Kan. 294, 69 P. 2d 718; *Scherger v. Union National Bank,* 138 Kan. 239, 25 P. 2d 588, 592; and, many cases from other states.

Counsel for appellant in their briefs argue:

"Where a petition alleges facts showing a driver of an automobile to have driven his vehicle over and across to the opposite side of the highway into a

cement culvert which was in his full view and plain sight; such a petition, liberally construed, does allege gross and wanton negligence."

They point out that in many of our decisions the words "gross and wanton negligence" as used in our so-called guest statute, G. S. 1949, 8-122 (*b*), has been held to mean "wantonness," citing *Stout v. Gallemore*, 138 Kan. 385, 26 P. 2d 573; *Frazier v. Cities Service Oil Co.*, 159 Kan. 655, 157 P. 2d 822; and, *Bailey v. Resner*, 168 Kan. 439, 214 P. 2d 323, from which case they quote from p. 442 a definition of wantonness as follows:

". . . A wanton act is something more than ordinary negligence, and yet it is something less than willful injury; to constitute wantonness, the act must indicate a realization of the imminence of danger and a reckless disregard and complete indifference and unconcern for the probable consequences of the wrongful act. It might be said to include a willful, purposeful, intentional act but not necessarily so; it is sufficient if it indicates a reckless disregard for the rights of others with a total indifference to the consequences, although a catastrophe might be the natural result."

In somewhat similar language wantonness is defined in many of our cases.

Counsel for appellant then cite three of our recent cases; *Hanson v. Swain*, 172 Kan. 105, 238 P. 2d 517. In that case the court held:

"To state a cause of action under G. S. 1949, 8-122b, commonly referred to as the automobile guest statute, the petition must allege facts tending to show that the host's conscious conduct indicated a reckless disregard and complete indifference and unconcern for the probable consequences of his wrongful act." Citing cases.

In that case the defendant driving an automobile and another were racing through the streets of the city of Caldwell in the nighttime. The portion of the petition set out disclosed facts to bring it within the rule laid down in the court's syllabus.

And, *Fyne v. Emmett*, 171 Kan. 383, 233 P. 2d 496. In that case it was alleged that the host was under the influence of liquor; was driving his car about seventy miles an hour; took his hand off the wheel and gave his attention to his lady seat companion; refused all requests of his guest that he drive slowly; made no attempt to control his car which ran off a highway; crashed into a culvert, causing injury to his guest.

And, also, *In re Estate of Bisoni*, 171 Kan. 631, 237 P. 2d 404. In that case the host was driving a car which had defective steering apparatus and defective brakes; the host was driving on a sandy road with a ridge of sand at one side; switched and turned his car at a

rapid speed; refused all requests of the guest to slow down and let him out; and while driving the car purposely turned it in such a manner that it upset.

In each of the three cases there were allegations of conscious recklessness with indifference to consequences, none of which is alleged here. The allegations here are that the host was negligent.

In the three cases last mentioned the opinions set out much more of the petition than has been recited here. Reference is made to the opinions for more complete allegations.

Counsel for appellant next argue:

"A petition which alleges that a person was 'riding in an automobile' with the driver and makes no other allegations as to the relationship of the driver and rider, does not as a matter of law, show on its face that the guest statute is applicable and is therefore not demurrable for failure to state a cause of action."

Respecting this they say the petition in this case does not show as a matter of law that the person riding in the vehicle driven by the deceased driver was a guest so as to fall within the guest statute. We agree that the petition does not show the daughter, Patricia Kraus, for whose death plaintiffs seek damages, was a guest of the driver of the automobile.

Counsel for appellant quote syllabus 1 from *In re Estate of Wright,* 170 Kan. 600, 228 P. 2d 911, which reads:

"In order for one to recover for an injury or for his representative to recover for a wrongful death occasioned while being transported in the motor vehicle of another, to avoid the limitations of our guest statute, it must be affirmatively shown that he was not a guest, that he was being transported for 'payment,' or that injury or death was caused by gross and wanton negligence of the operator of the vehicle."

They point out that this says nothing about pleading. From this it is argued that even though the person were a passenger that fact need not be alleged in the petition, only that it has to be proved in the trial. That point is not well taken. Syllabus 4 of the same case reads:

"To recover damages for wrongful death under G. S. 1949, 8-122b, the petition must allege and the evidence must show that the host's conscious conduct indicated reckless disregard and complete indifference and unconcern for the probable consequences of his wrongful act, and where the evidence fails in this respect, a demurrer thereto must be sustained. (Following *Bailey v. Resner,* 168 Kan. 439, 214 P. 2d 323.)"

In the following cases where payment to ride as a passenger was not made in money the facts constituting payment were alleged in

the petition: *Elliott v. Behner*, 146 Kan. 827, 73 P. 2d 1116; *LeClair v. Hubert*, 152 Kan. 706, 708, 107 P. 2d 703; *Pilcher v. Erny*, 155 Kan. 257, 260, 124 P. 2d 461; *Srajer v. Schwartzman*, 164 Kan. 241, 246, 188 P. 2d 971; and, *Sparks v. Getz*, 170 Kan. 287, 225 P. 2d 106.

Our statute G. S. 1949, 60-704, pertaining to the contents of a petition reads:

"The petition must contain: . . . *Second.* A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition."

When plaintiff's cause of action is predicated upon a fact essential to his recovery that fact must be pleaded as well as proved.

Having carefully examined the petition we find that it does not state a cause of action upon the ground that plaintiffs' daughter was the guest of the operator of the automobile, or upon the ground that she was a paid passenger, or upon any other grounds which would enable plaintiff to recover. The result is that the petition was subject to a general demurrer and the trial court did not err in sustaining the demurrer. The judgment of the trial court is affirmed.

SMITH, PARKER and WERTZ, JJ., dissent from paragraph 2 of the syllabus and the corresponding paragraph of the opinion.