Parrish v. Parrish.

67  323
75  266
f75  824

## J. N. PARRISH v. MARY PARRISH.

### No. 13,209.   (72 Pac. 844.)

#### SYLLABUS BY THE COURT.

1. BREACH OF PROMISE—*Present, New and Independent Promise.* In an action for the breach of a contract to marry, it appeared that in February, 1901, the parties had agreed to marry in March, 1902. In June, 1901, they had a conversation in which the plaintiff said to the defendant: "Do you intend to marry me as you promised, or are you making a fool of me?" To which defendant replied: "I intend to marry you as I promised. In March we will go on the farm and live right. I will either buy or build." *Held,* that under all the facts of the case the jury were warranted in finding that the latter part of defendant's statement constituted a present, new and independent promise, and not a mere declaration of a continuing obligation previously incurred.

2. ———— *Evidence of Previous Contract.* In an action for the breach of a contract to marry, it is not error to admit in evidence, in corroboration of direct testimony of an express contract between the parties, a previous contract of marriage included in their past intercourse with each other.

3. ———— *Rule Explained and Distinguished.* The rule referred to in the preceding paragraph does not forbid the court from excluding testimony only remotely affecting the latest relations of the parties, although involved in their previous intercourse, and does not compel the court to permit the complete rehabilitation of all the minute details of a long-past association which could be of no material aid in elucidating the issues on trial.

4. PRACTICE, DISTRICT COURT—*Argument to Jury.* The court cannot be required to instruct the jury in advance of the argument upon the province of counsel in arguing the cause.

Error from Pawnee district court; CHARLES E. LOB-DELL, judge.    Opinion filed June 6, 1903.    Affirmed.

*T. S. Haun*, and *V. H. Grinstead*, for plaintiff in error.

*G. P. Cline*, and *Nelson Adams*, for defendant in error.

The opinion of the court was delivered by

BURCH, J. : A judgment was rendered against plaintiff in error for damages on account of the breach of an oral contract of marriage alleged to have been made in June, 1901.    On the trial the jury returned special findings of fact, among which are the following :

"Q. 13. Did defendant in February, 1901, make a contract with the plaintiff to marry her ?    A.  Yes."

"Q. 15. If you answer question No. 13 in the affirmative, state when the marriage was to take place. A.  In March, 1902."

"Q. 18. Did plaintiff and defendant have a conversation in June, 1901, in regard to getting married near the German M. E. church ?    A.  Yes.

"Q. 19. If you answer question No. 18 in the affirmative, did that conversation refer to a previous contract of marriage ?    A.  Yes.

"Q. 20. If you answer question No. 19 that the conversation and statements referred to were in regard to a previous marriage contract, state whether the previous contract was in June, 1899, or in February, 1901. A.  February, 1901."

"Q. 36. Did defendant agree to marry plaintiff in March, 1902 ?    A.  Yes.

"Q. 37. If you answer the last question in the affirmative, state when such agreement was made. A.  In February, 1901, and again in June, 1901."

The principal item of direct evidence relating to the June contract was given by the plaintiff's daughter, and is as follows :

"Q.  Has your uncle been around your mother's house?    A.  Quite a great deal.

"Q. Was he there in the year 1901? A. In February.

"Q. Was he there at any time in February and in June at your house? A. Yes, sir.

"Q. Did you see him in June, 1901? A. Yes, sir.

"Q. Did you see him and your mother in June. A. Yes, sir.

"Q. What day in June? A. Flag day, June 14.

"Q. Where were they then, Katie? A. Down by the German church, all in a buggy.

"Q. Who all was in the buggy? A. Uncle Neut, mamma, and myself.

"Q. Did you hear any talk between Uncle Neut and your mother about a marriage? A. Yes, sir.

"Q. Tell the jury just what was said by Mr. Parrish and your mother? A. Mamma says : 'Do you intend to marry me as you promised, or are you making a fool of me?' He says : 'I intend to marry you as I promised. In March we will go on the farm and live right. I will either buy or build.'"

The fact that such a conversation was had was corroborated by the evidence of plaintiff, and by numerous circumstances tending to render it probable.

It is argued that the contract of February, 1901, which was not to be performed until March, 1902, was unenforceable under the statute of frauds, and that the conversation in June, 1901, amounted to nothing more than a statement of purpose to abide by the contract previously made. It is true that a mere rehearsal of the terms of a previous contract will not constitute a new promise, and a conversation which does nothing more than go over the substance of a previous understanding for the purpose of seeing if it is still satisfactory will not create a new engagement. (*Odell v. Webendorfer*, 50 Hun, App. Div. 579, 64 N. Y. Supp. 451.) But in view of the situation of the parties and all the circumstances surrounding them, as disclosed by the evidence, including the attitude of the defend-

ant toward another woman whom he married in September, 1901, the jury were warranted in finding that the statement of the defendant, "In March we will go on the farm and live right," constituted a distinct, express, independent and present promise, without relation to any previous contract. Had the defendant rested upon the position, "I intend to marry you as I promised," the contention of his counsel would be of much force. That might well be a mere declaration of a continuing obligation previously incurred. But he appears to have deemed it necessary, in order to allay the plaintiff's fears of his fidelity, to make the further statement quoted, which, under all the facts, the jury had the right to say was a new promise. The evidence shows that the plaintiff accepted, and thereafter relied on, that promise, and the defendant must, therefore, be bound by it. The case of *MacElree v. Wolfersberger*, 59 Kan. 105, 52 Pac. 69, is not in point, for the reason that the jury in that case found against the making of a second contract.

Because the contract of marriage made in February, 1901, could not have been made the basis of an action, it is asserted that the court erred in admitting evidence of it. In *Johnson v. Leggett*, 28 Kan. 590, it was held not to be error to admit, in corroboration of direct and positive evidence of an express contract between the parties, the whole of their intercourse. If such intercourse should include a previous engagement to marry, evidence of that fact would not be rendered incompetent merely because of some legal impediment to the enforcement of the promise if it were made the basis of an action. The rule referred to, however, only goes to the extent of allowing the trial court a wide latitude in arriving at the facts, and does not forbid it from excluding testimony only remotely af-

fecting the latest relations of the parties, although involved in their past intercourse with each other.   The trial court is not compelled to permit a complete rehabilitation of all the minute details of a long-past association which could be of no material aid in elucidating the issues on trial.   Hence, in the present case, it was not error, as claimed, for the court to refuse to admit evidence of what the plaintiff said at the time concerning a rumor of her engagement to be married to the defendant, which was rife in 1899.   For the same reason evidence of conversations in which plaintiff suggested the marriage of the defendant to other persons than herself, had long prior to the existence of the relations which it was claimed finally tended toward matrimony, was properly excluded.

Other assignments of error in the admission and rejection of testimony have been examined, and are found to be unsubstantial and to furnish no cause for the reversal of the judgment rendered.

Since, in the view of the case set forth above, there was sufficient evidence of a valid contract of marriage, the demurrer to the evidence and the motion for judgment on account of an insufficient proof of that fact were properly overruled.

The instructions given to the jury presented with perspicacity all the issues to be tried and the law applicable to them, and are not subject to the animadversions of counsel upon them.   The instructions refused, so far as they were proper, were substantially embodied in those given.   The matter of preponderance of evidence was fully covered by instruction No. 10 as given, as was the matter of prejudice and sympathy by instruction No. 11.

The court cannot be required to instruct the jury in advance upon the province of counsel in the argu-

ment of the case.   Misconduct cannot be anticipated on the part of counsel who know their duties, and the jury are instructed only upon matters within the scope of their own duties.

It is strenuously insisted that the closing argument of G. P. Cline, Esq., for the plaintiff was of such nature as to be greatly prejudicial to the defendant's rights, and that the court, upon the application of the defendant, failed to afford him adequate protection against it.   On the other hand, it is contended that the portions of the speech objected to constituted a legitimate discussion of piquant facts, brought out largely by defendant himself.   Whatever the character and effect of this speech may have been, this court can express no opinion upon it because it was not properly presented to the district court upon the motion for a new trial.   It was necessary that this be done by affidavit, which course defendant failed to pursue. (Civil Code, §§ 306, 309; Gen. Stat. 1901, §§ 4754, 4757; *A. T. & S. F. Rld. Co. v. Rowan*, 55 Kan. 270, 39 Pac. 1010; *Branner v. Nichols*, 61 id. 356, 59 Pac. 633).

It is urged, finally, that certain of the special findings were conflicting, which is true.   But such findings were upon immaterial and trivial matters, and the general verdict will not be overturned on account of them.

The judgment of the district court is affirmed.

All the Justices concurring.