THE STATE OF KANSAS V. PAT SWEENEY.

No. 14,978   (88 Pac. 1078.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*New Trial—Misconduct of Prevailing Party.*   Where one of the grounds for a new trial is the misconduct of the prevailing party, such misconduct must be supported by affidavit showing the truth thereof before it will challenge the consideration of the court.

2. ——— *Cross-examination—Contradiction of a Witness upon a Collateral Matter.*   It is not error for the trial court to refuse to permit the cross-examination of a witness upon a collateral matter, or to refuse to permit other witnesses to testify to statements made by such witness concerning a collateral matter, for the purpose of contradicting such witness.

Appeal from Nemaha district court; WILLIAM I. STUART, judge.   Opinion filed February 9, 1907.   Affirmed.

*C. C. Coleman,* attorney-general, *Charles H. Harold,* county attorney, and *J. E. Taylor,* for The State.

*Wells & Wells, Emery & Emery, W. W. Redmond,* and *Lambert & Huggins,* for appellant; *I. E. Lambert,* of counsel.

The opinion of the court was delivered by

GREENE, J.:   Pat Sweeney was given a preliminary examination upon a warrant in which he was charged with having committed a felonious assault upon Will-

iam Payne, with intent to maim and kill him, and was bound over to the district court. The information filed against him charged that Sweeney did intentionally, unlawfully, feloniously, wilfully, purposely, and of deliberate malice aforethought, assault and beat one William Payne with a deadly weapon, with great force and violence, which was likely to produce death, with the intention then and there to maim and kill him. The jury returned a verdict of guilty of an assault with intent to commit manslaughter or other felony, under section 41 of the crimes act (Gen. Stat. 1901, § 2026), as charged in the information.

A motion to quash the information upon the following grounds was denied: (1) That Sweeney had not had a preliminary examination upon the charges in the information; (2) that two or more offenses were charged in the information; and (3) that it contained redundant and irrelevant matter. The charge in the warrant upon which the preliminary examination was held included the offense charged in the information. In this respect the information followed the warrant. The information is unnecessarily prolix, but the motion to quash should not have been allowed for that reason. It charges that the assault and battery began in a building and continued into the street. It does not appear in the information that there was any cessation of hostilities.

It is argued in the appellant's brief that the prosecuting attorney was guilty of prejudicial misconduct in applying to the appellant some opprobrious epithets. Our statute provides that upon a motion to set aside a verdict because of the misconduct of the prevailing party the application must be on written grounds and must be sustained by affidavit. (Gen. Stat. 1901, §§ 4754, 4757; *A. T. & S. F. Rld. Co. v. Rowan*, 55 Kan. 270, 39 Pac. 1010; *Branner v. Nichols*, 61 Kan. 356, 59 Pac. 633; *Parrish v. Parrish*, 67 Kan. 323, 72 Pac. 844; *The State v. Brower, post*. This question

was not thus presented to the trial court, and is not preserved in the bill of exceptions, as required by statute.

The third and fourth assignments of error may be considered together. The affray took place in a joint run by Payne and Larimer. Sweeney was drunk, and went to this joint with the avowed purpose, as he expressed it, of "cleaning it out." His first assault was made upon Larimer, who was somewhere in the center of the room when Sweeney entered. After some tussling with Larimer the latter escaped out of a side or back door. Sweeney then turned his attention to Payne, who was behind the bar, and at whom he threw a heavy glass and then proceeded to demolish him with a stool. At some stage in this proceeding Payne discharged a revolver. When the melee was over it was found that one Mike Carman, who had not in any way participated in the disturbance, had been shot and was dead.

While Payne was on the witness-stand, describing the disturbance in the joint, he denied having any knowledge at the time of Carman's presence in the joint. He testified that he fired the shot at Sweeney, and did not know that it had taken effect in Carman's body until he was told that it had done so, after the fight was over.

On cross-examination the defendant offered to show that Payne, in a conversation with A. J. Felt in the presence of Doctor Troughton, had said that he had shot Carman because he and the Carmans had had trouble, and Carman had threatened to kill him, and that he had shot Carman in self-defense. The refusal of the court to permit this question to be answered, and also the refusal of the court to permit the defendant to prove by other witnesses that Payne had made this statement, constitute the third and fourth assignments of error.

The only apparent reason for asking Payne this question was to lay the foundation for contradicting

him, and it is contended that it should have been ad-
mitted for this purpose. The rule is well recognized
that a witness can be contradicted only upon some mat-
ter that is material or relevant to some issue in the
case. It is not always easy to determine when matter
thus sought to be contradicted is collateral, and it must
generally be determined from the facts of the particu-
lar case. A test which appears to contain all the ele-
ments of the rule is found in *Attorney-general v. Hitch-
cock,* 1 Exch. (Eng.) 91, and is thus stated: Could the
fact, as to which the prior self-contradiction is pred-
icated, have been shown in evidence for any purpose
independent of the self-contradiction? Whether Payne
shot Carman maliciously or accidentally, or whether
he had said that he had shot him in self-defense, was
not material or relevant to any issue in the prosecution
of Sweeney for the crime of which he was charged,
and could not have been offered for any purpose in-
dependent of self-contradiction. These facts being col-
lateral to any issue in the case on trial, the court very
properly refused to allow an issue to be made of them.

It is also contended that the verdict of the jury is
so uncertain in respect to the crime of which they
found the defendant guilty that a legal sentence cannot
be pronounced upon it. The defendant was charged
and tried under section 38 of the crimes act (Gen. Stat.
1901, § 2023), for having wilfully, feloniously, and of
deliberate malice aforethought assaulted and beat Wil-
liam Payne with a deadly weapon, with intent to maim
and kill him. The punishment provided for this of-
fense is confinement in the penitentiary and hard labor
for a term not exceeding ten years. The jury returned
a verdict finding the defendant guilty of "an assault
with intent to commit manslaughter, or other felony,
under section 41, as charged in said information." The
punishment for this offense is confinement in the peni-
tentiary and hard labor not exceeding five years, or in
a county jail not less than six months. The court im-

posed the maximum penalty under the latter section. The two sections provide for the punishment of the same general class of crimes—felonious assaults. Included in section 38 are assaults made on purpose and of malice aforethought, while section 41 (Gen. Stat. 1901, § 2026) includes only assaults with intent to commit similar crimes, but where the element of malice aforethought is wanting. The jury in their leniency found the defendant guilty of the lesser offense provided for in section 41, and the court imposed the penalty prescribed in that section.

Some other errors are assigned, but they are not sufficiently important to require special attention, further than to say that no error was committed in respect to them.

The judgment is affirmed.