No. 38,466

BETTY MAY HANSON, a minor, by MAYIE PICKREL, her mother, natural guardian and next friend, *Appellant,* v. RICHARD E. SWAIN, *Appellee.*

(238 P. 2d 517)

Opinion filed December 8, 1951.

*Manford Holly,* of Wichita, argued the cause, and *A. D. Weiskirch* and *Leonard Levand,* both of Wichita, were with him on the briefs for the appellant.

*Donald Hickman,* of Arkansas City, argued the cause and *Kirke W. Dale,* of Arkansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an action by a minor, brought by her mother as natural guardian and next friend, to recover damages for injuries sustained when an automobile, in which such minor was riding as a guest of the defendant, collided with another automobile at an intersection of two city streets. The defendant's demurrer to the plaintiff's second amended petition was sustained and we are asked to review the ruling in an appeal perfected shortly after it was made.

Omitting formal averments, and certain allegations respecting the injuries sustained by plaintiff which were supplemented by a charge that such injuries were the direct result of the gross and wanton negligence of defendant as therein alleged, the pleading in controversy, hereinafter referred to as the petition, reads:

"2. On or about September 9, 1949, at approximately 10:30 P. M. of said day, plaintiff was a guest, without payment for such transportation, in a 1947

Chevrolet Club Coupe being operated at said time by the defendant herein, within the limits of the City of Caldwell, Kansas. The defendant had resided in said city for a great length of time and was familiar with the streets of said city and with the traffic ordinances thereof and knew of the existence and location of the numerous stop signs controlling traffic within the limits of said city. While operating said car, as aforesaid, the defendant became engaged in a race, over plaintiff's protests as hereinafter alleged, with an automobile being then operated by one Robert Gardner. Said race was started at the intersection of 'A' Avenue and Main Street, from which point the parties involved proceeded east one (1) block to the intersection of 'A' Avenue and Chisholm Street, thence north one (1) block, thence west three (3) blocks to Osage Street and thence south on Osage Street and First Avenue, where a collision between the car defendant was operating and a 1947 Plymouth Coupe, operated by one Everitt Glasse resulted. The vehicle being operated by the said Robert Gardner was closely behind the car of defendant throughout said race.

"3. When said race was started, plaintiff became frightened and immediately requested that defendant slow down and drive carefully or stop and let her out, which request was repeated several times throughout said race. Ignoring said requests and in total disregard for the safety of himself and of plaintiff, defendant continued on and during all of said time, except while turning at intersections, said defendant travelled at a speed approximating sixty (60) miles per hour, in violation of Ordinance No. 463, Section 4(a) of the City of Caldwell, Kansas, and of the provisions of G. S. 1935, Supp., 8-531 and 8-532. A true copy of Ordinance No. 463 of the City of Caldwell, Kansas, which said ordinance was, during all times material, and is now in full force and effect, is attached hereto and made a part hereof as though fully incorporated herein as Exhibit 'A'.

"4. When the vehicle which defendant was operating approached the intersection at Osage Street and First Avenue, as aforesaid, which said intersection is controlled by stop signs at the north and south side of Osage Street, as provided by Ordinance No. 984, Section 1, of the City of Caldwell, Kansas, plaintiff noticed a car which she later learned was being driven by Everitt Glasse aforesaid approaching from the west on First Avenue, a distance back from the center of the intersection approximately seventy-five (75) to eighty (80) feet. The car being operated by defendant was then travelling at a speed approximating sixty (60) miles per hour. Immediately said plaintiff warned defendant demanding that he stop, but defendant, knowing of the existence of the stop sign and in utter disregard thereof and disregarding plaintiff's warning and protests, and knowing his speed and that the manner in which he was driving might injure plaintiff and being indifferent whether it would or not, said defendant raced into said intersection without heeding the stop sign controlling north-south traffic at said point, as aforesaid, looking back during said time at the car behind with which he was racing, all in violation of Ordinance No. 984, Section 2, of the City of Caldwell Kansas, and the provisions of G. S. 1935 Supp., 8-552 and 8-531. A true copy of Ordinance No. 984, Sections 1 and 2 which ordinance was during all times material and is now in full force and effect is attached hereto and made a part hereof as though

fully incorporated herein as Exhibit 'B'. A terrific impact followed. The car of defendant struck the car being then operated by said Everitt Glasse at a point in the south half of First Avenue and to the left on Osage Street in said intersection. Plaintiff was seriously injured as a result."

Resort to the petition makes it clear, in fact appellant so concedes, that her petition must contain allegations sufficient to state a cause of action under the automobile guest statute (G. S. 1949, 8-122b) in order to warrant this court in holding that the action of the trial court in sustaining the demurrer was erroneous. Such statute, so far as it pertains to the issues involved in this appeal, reads:

"That no person who is transported by the . . . operator of a motor vehicle, as his guest, . . . shall have a cause of action for damages against such . . . operator for injury, . . . unless such injury . . . shall have resulted from the gross and wanton negligence of the operator of such motor vehicle."

Before giving consideration to the petition, as heretofore quoted, it should be noted that appellee contends at the outset that such pleading is now subject to strict construction and critical analysis because the original pleading (petition) filed by appellant was met by a motion to make definite and certain which was sustained in the main and that her first amended petition was also attacked by a similar motion which was resisted and overruled. We are not too certain this claim is meritorious in its entirety for, without detailed discussion, it must be said that much of the information sought to be elicited by the motions, particularly the last one to which we have referred, was evidentiary in character. Even so, and without laboring the contentions advanced by the parties regarding what was involved in the motions and the consequences flowing from the trial court's action with respect thereto, we are disposed to refrain from granting the allegations of the petition the benefit of inferences to which they might have been entitled if that pleading had not been subjected to proper motions and give them a strict or literal construction.

Another preliminary contention advanced by appellee should be given consideration before turning to the petition as a whole. The essence of this claim is that the petition cannot now be construed as charging gross and wanton negligence under the guest statute because his motions to require appellant to amend her first two pleadings by specifically stating and describing the acts and omissions of appellee relied on as constituting gross and wanton negli-

gence were resisted and subsequently denied by the trial court. That this contention lacks merit and cannot be upheld is demonstrated by a statement, to be found in the opinion of *Bailey v. Resner*, 168 Kan. 439, 214 P. 2d 323, which reads:

"The last allegations to the effect that defendants' acts were committed purposely and wantonly adds little if anything to the petition because wanton acts cannot be pleaded by merely alleging that a certain act was wantonly or purposely committed. *On the other hand, a cause of action under the guest statute may be fully stated in a petition which does not mention the word 'wanton' or the words 'gross and wanton negligence.'* So we have the question before us as to whether the acts set forth in the petition constitute wantonness, notwithstanding the pleader's statement that they were committed purposely and wantonly. *To determine the sufficiency of the petition, we must strip it of the various descriptive terms used to describe defendants' acts and rely upon the specific acts themselves which are set forth in the petition."* (pp. 443 and 444.) (Emphasis supplied.)

Having disposed of questions which we regard as preliminary we now turn to the petition for the purpose of ascertaining the specific acts on the part of appellee therein set forth and relied upon by appellant as grounds for recovery under the guest statute, mindful as we do so that all allegations pertaining thereto are to be construed as heretofore indicated. When so reviewed we are convinced the fair and literal import to be given such allegations is that on the date in question, with appellant in his car as his guest and being familiar with the streets of the city of Caldwell and its traffic ordinances and knowing of the existence and location of the numerous stop signs controlling traffic within the limits of such city, appellee engaged in a race with the driver of another motor vehicle, over appellant's protests, which race extended a distance of at least seven blocks and ended at an intersection where appellee's automobile collided with a third motor vehicle; that while such race was in progress, except while turning at intersections, appellee traveled at a speed approximating sixty miles per hour in violation of law; that when the race first started appellant became frightened and immediately requested that appellee slow down and drive carefully or stop and let her out; that this request was repeated several times throughout the race; that appellee ignored all such requests and without regard for the safety of himself and appellant continued to race at a high and excessive rate of speed; that as appellee approached the intersection at which the collision occurred, traveling at a speed approximating sixty miles per hour, appellant noticed a car approaching the intersection from another direction and im-

mediately warned appellee and demanded that he stop; that knowing of the existence of a stop sign which required him to stop at such intersection and knowing that his speed and the manner in which he was driving might injure appellant and being indifferent whether it would or not, appellee disregarded appellant's warning and protest and raced into such intersection without heeding the stop sign, while looking back at the car behind with which he was racing, all in violation of law, with the result that he struck a third car which was then crossing such intersection with terrific impact, and appellant was seriously injured.

The yardstick to be used in determining whether the facts of a given case constitute "gross and wanton negligence" within the meaning of that term as used in the guest statute is no longer an open question in this jurisdiction. In *Bailey v. Resner*, 168 Kan. 439, 214 P. 2d 323, we held:

"To state a cause of action under G. S. 1935, 8-122b, the petition must allege facts tending to show that the host's conscious conduct indicated a reckless disregard and complete indifference and unconcern for the probable consequences of his wrongful act, and where the petition fails in this respect, a demurrer thereto must be sustained." (Syl. ¶ 1.)

And in the opinion said:

"By many previous decisions of this court the phrase 'gross and wanton negligence' has been held to mean 'wantonness' (citing cases).

"What is wantonness and how should it be defined? This court has defined it in nearly a score of cases since the enactment of the guest statute in 1931 (citing cases), and it may be said that the sum total of these definitions expounded in the past amounts to this—a wanton act is something more than ordinary negligence, and yet it is something less than willful injury; to constitute wantonness, the act must indicate a realization of the imminence of danger and a reckless disregard and complete indifference and unconcern for the probable consequences of the wrongful act. It might be said to include a willful, purposeful, intentional act, but not necessarily so; it is sufficient if it indicates a reckless disregard for the rights of others with a total indifference to the consequences, although a catastrophe might be the natural result." (pp. 441 and 442.)

When the allegations of the instant petition are given the import heretofore credited to them and considered together, without segregating one from the other and are then tested by the foregoing rules, we are constrained to hold such allegations are sufficient to show that appellee's conscious conduct indicated a reckless disregard and complete indifference and unconcern for the probable consequences of his wrongful action in racing his automobile upon the

streets of the city of Caldwell under the conditions and circumstances therein alleged and that hence they charged him with gross and wanton negligence and were sufficient to withstand a demurrer based upon the premise appellant's petition failed to state a cause of action against him under the provisions of G. S. 1949, 8-122b. This conclusion is supported and upheld by our more recent decisions and, we believe, is required if we are to adhere to what is therein said and held. See *Fyne v. Emmett,* 171 Kan. 383, 233 P. 2d 496, and *In re Estate of Bisoni,* 171 Kan. 631, 237 P. 2d 404.

No useful purpose would be served by attempting to distinguish the numerous decisions, relied on by appellee, wherein this court, in actions brought under the automobile guest statute, has held petitions did not state a cause of action because their allegations failed to charge wanton negligence. It suffices to say that such cases were all decided upon their own, and we may add entirely different, factual averments and that none of them goes so far as to hold that a host who injures his guest under the conditions and circumstances set forth in the instant petition is not guilty of gross and wanton negligence.

In conclusion it should be stated we have not overlooked but have rejected appellee's contention the petition cannot be construed as charging appellee with conscious realization of imminent danger. We are convinced that a driver of a motor vehicle who races upon the streets of a city under the conditions and circumstances set forth in the petition has reason to believe, if in fact he is not bound to know, he is subjecting his guest, as well as himself, to impending danger and that such conduct indicates a reckless disregard and complete indifference and unconcern for the probable consequences of that action.

The judgment is reversed with directions to the trial court to set aside its order sustaining the demurrer to the petition. It is so ordered.