No. 40,515

KENNETH V. DILL, *Appellant,* v. ANTHONY W. MILES, M. D., *Appellee.*

(310 P. 2d 896)

Opinion filed May 11, 1957.

*Milton Zacharias,* of Wichita, argued the cause, and *Kenneth H. Hiebsch, Richard A. Render,* and *Albert L. Kamas,* all of Wichita, and *Joseph B. Danzansky, Raymond R. Dickey, Milton Quint, Bernard Gordon,* and *Robert F. Rolnick,* all of Washington, D. C., were with him on the briefs for the appellant.

*William Tinker,* of Wichita, argued the cause, and *Getto McDonald, Arthur W. Skaer, Hugh P. Quinn, William Porter,* and *John E. Lancelot,* all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover damages resulting from the alleged malpractice of a physician in the diagnosis and treatment of his patient. Appellant, Kenneth V. Dill, the patient, will hereinafter be referred to as plaintiff, and appellee, Anthony W. Miles, the physician and surgeon, as defendant.

The petition contains four causes of action, carefully detailed, and consists of thirty-three paragraphs. The first cause alleges a negligent decision to employ improper diagnostic procedures and a departure from recognized medical principles; the second alleges defendant was careless, unskillful and negligent in the performance of those procedures; the third alleges plaintiff was not told about

his condition and the facts were concealed by defendant, who then abandoned treatment of plaintiff; the fourth seeks to recover punitive damages based upon the acts of negligence contained in the first three causes of action, alleging that such acts were willful and wanton and constituted an utter disregard for the plaintiff's health, condition and welfare.

From an order of the trial court sustaining defendant's demurrer to the fourth cause of action, plaintiff appeals.

Defendant concedes that the allegations contained in the first three causes of action state facts sufficient to constitute a cause of action for malpractice or negligence, but that such acts were neither gross, willful, wanton nor in utter disregard of plaintiff's health, condition and welfare, and, therefore, no action can be maintained for punitive damages.

We do not recognize a demurrer to a part of a cause of action, but inasmuch as the trial court sustained defendant's pleading entitled "Demurrer to Plaintiff's Fourth Cause of Action," we will, under the rule of *Krey v. Schmidt*, 170 Kan. 86, 223 P. 2d 1015, treat it as a motion to strike. The sole question is whether the facts as alleged in the petition are sufficient to constitute wanton negligence upon which plaintiff can predicate a cause of action for punitive damages.

Omitting the formal parts in the petition, the facts, insofar as pertinent to the question involved, are as follows:

Plaintiff, after consultation with defendant regarding diagnosis and treatment of a condition known as thrombophlebitis in the lower calf of his left leg, was advised to and did enter a hospital, where defendant attempted to perform an aortogram on plaintiff's body. Upon regaining consciousness from the general anesthetic, plaintiff was informed by defendant that the aortogram had not been performed, that the aorta had not been located or penetrated, and that nothing had been accomplished in the operating room to aid defendant in examining, diagnosing or determining the nature and extent of plaintiff's ailment. Plaintiff further states that immediately upon regaining consciousness he began experiencing extreme, excruciating and nauseous pain, and paralytic sensations in the lower extremities of his body from the first lumbar to his toes, accompanied by a paralysis of his bladder and inability to void. Although he asked defendant for diagnosis, relief and treatment of these conditions, defendent did nothing whatsoever. Plaintiff's condition grew progressively worse in the next seventy-two hours, but defendant still did nothing to diagnose, relieve or treat such illness,

did not advise plaintiff of the seriousness of his condition, did not advise calling in another physician and surgeon, and finally withdrew from the case. Plaintiff further alleges that as a result of such neglect he sustained the following injuries: Contusions, abrasions and lacerations of his back in the general vicinity of his first lumbar vertebra; paralysis of both legs; paralysis and loss of control of his bowels; paralysis and loss of control of his bladder; adhesive arachnoiditis with paraplegia; sexual impotency; extreme arthritis; injuries to his spinal cord in the first lumbar area; permanent damage to his physical and nervous system; great body weakness.

Plaintiff states that he was unable to walk for a period of one year and can only walk now with the assistance of canes or crutches, and that the pain he suffers cannot be relieved with drugs; that his injuries are permanent and progressive; and that since the date of the attempted aortogram he has been unable to perform any gainful employment and will be unable to do so in the future.

No useful purpose would be gained by setting out in detail all of the facts alleged in the petition upon which plaintiff relies as constituting willful and wanton negligence. Summarized, it may be stated that a part of the acts of negligence of defendant was in advising the use of an aortogram for diagnosis when he knew or should have known it was not the safest and most recognized method; in holding himself out to plaintiff to be a specialist in Trans-Lumbar Aortography and, as such, attempting an aortogram without first performing an allergy test and completing a pre-operative x-ray; in making numerous insertions of an 18-gauge needle (six inches long), without aspirating same, with accompanying. and repeated injections of a chemical dye solution into plaintiff's spinal cavity, spinal column, bloodstream and body, this being done in such a manner that the aorta was never located and the blood vessels around plaintiff's spinal cord were ruptured. It was further alleged that in the seventy-two hours following the attempted aortogram plaintiff's condition became quite critical; that he lost control of his bowels, bladder and lower extremities to the extent that he could not move his body or control any organs or limbs from the first lumbar vertebra to his toes; that plaintiff inquired of defendant the nature of his malady and requested diagnosis, treatment and relief from defendant; that defendant knew or should have known that plaintiff's condition was serious and critical in nature, but, notwithstanding the apparent critical condition, defendant did nothing to relieve, treat or diagnose plaintiff's condition, and that de-

fendant negligently concealed from plaintiff the fact of the apparent injuries and infections of his lower extremities; that defendant will-fully, wantonly and negligently represented to plaintiff that his condition was not a result of the attempted aortogram and was not serious in nature; that, in fact, plaintiff's condition was serious in nature and represented a continuing and progressive threat to his state of health and general welfare, and it was the duty of defendant to exercise the skill and care usually exercised by experts and specialists in the field of Trans-Lumbar Aortography and Internal Medicine, to inform the plaintiff of defendant's lack of skill, knowledge and ability, and to advise, recommend and suggest the services of other physicians and surgeons, which he failed to do; that the facts with relation to plaintiff's grave condition were concealed by defendant, and that he represented to the plaintiff that his condition was not serious in nature, and did thereupon abandon the treatment of plaintiff without any cause whatsoever.

The general rule to be used in determining whether the facts of a given case constitute gross and wanton negligence has long been settled in this jurisdiction, our last declaration appearing in *Long v. Foley*, 180 Kan. 83, 89, 299 P. 2d 63, wherein, in quoting from *Bailey v. Resner*, 168 Kan. 439, 442, 214 P. 2d 323, it was stated:

". . . a wanton act is something more than ordinary negligence, and yet it is something less than willful injury; to constitute wantonness, the act must indicate a realization of the imminence of danger and a reckless disregard and complete indifference and unconcern for the probable consequences of the wrongful act. It might be said to include a willful, purposeful, intentional act, but not necessarily so; it is sufficient if it indicates a reckless disregard for the rights of others with a total indifference to the consequences, although a catastrophe might be the natural result."

In *Frazier v. Cities Service Oil Co.*, 159 Kan. 655, 666, 157 P. 2d 822, we stated:

". . . it may be concluded that as to injuries inflicted, wanton conduct or wantonness comes between negligence on the one hand and willful or malicious misconduct on the other; that it is more than negligence and less than willfulness, and to constitute wantonness the acts complained of must show not simply lack of due care, but that the actor must be deemed to have realized the imminence of injury to others from his acts and to have refrained from taking steps to prevent the injury because indifferent to whether it occurred or not. Stated in another way, if the actor has reason to believe his act may injure another, and does it being indifferent to whether or not it injures, he is guilty of wanton conduct."

For other recent decisions where the rules above quoted are

adhered to and pertinent portions thereof · stated in one form or another, see *In re Estate of Kerschen,* 176 Kan. 226, 269 P. 2d 1033; *MacDougall v. Walthall,* 174 Kan. 663, 257 P. 2d 1107; *Hanson v. Swain,* 172 Kan. 105, 238 P. 2d 517; *In re Estate of Bisoni,* 171 Kan. 631, 237 P. 2d 404; *Fyne v. Emmett,* 171 Kan. 383, 233 P. 2d 496; *In re Estate of Wright,* 170 Kan. 600, 228 P. 2d 911.

When the allegations of plaintiff's petition are tested by the foregoing rules of law, we are compelled to hold that the facts as alleged are sufficient to show that defendant's conscious conduct indicated a reckless disregard and complete indifference and unconcern for the probable consequences of his alleged wrongful acts and were sufficient to charge him with wanton negligence upon which plaintiff could predicate his fourth cause of action for punitive damages.

The judgment of the trial court is reversed and the case is remanded with instructions to reinstate the fourth cause of action.

It is so ordered.