No. 42,111

LEO R. PARTCH, *Appellant,* v. EMIL HUBELE, *Appellee.*

(360 P. 2d 1104)

Opinion filed April 8, 1961.

*Jack O. Bowker,* of McPherson, argued the cause, and *L. H. Ruppenthal,* of McPherson, was with him on the briefs for the appellant.

*Archie T. MacDonald,* of McPherson, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Leo R. Partch, plaintiff (appellant), brought this action against Emil Hubele, defendant (appellee), for the recovery of actual and punitive damages for personal injury and property damage sustained by him as a result of the alleged negligence of defendant in the operation of his truck. The petition contained two causes of action; the first set forth the facts relied on as a basis for a recovery of actual damages and the second set forth the facts relied on as grounds for recovery of punitive damages. From an order of the trial court sustaining defendant's demurrer to plaintiff's second cause of action, plaintiff appeals.

It appears, from a perusal of plaintiff's second cause of action, that the accident happened in the daylight; that as plaintiff was driving his automobile north on a blacktop road he approached the rear of a farm truck driven by defendant at a speed of about thirty miles an hour, approximately 300 feet from an intersection of a

township road. Plaintiff pulled a few feet to the left of the center, intending to pass, and when he was approximately sixty feet to the rear of the truck, it started angling to the left. Plaintiff returned to the right side of the road, applying his brakes and reducing his speed to that of the truck when about twenty feet behind it. Defendant's truck continued angling to the left until it was left of the center of the road, then slowed abruptly about twenty feet from the mentioned intersection. Plaintiff immediately applied his brakes, and suddenly, without warning, the truck turned sharply to the right. Plaintiff then turned his automobile to the right and came to an immediate stop. Thereupon, the right front corner of the truck bed struck plaintiff's automobile, driving it into a concrete culvert railing east of the north-south highway on a side road.

Plaintiff further alleged that defendant willfully drove his truck upon the highway with the stock rack thereon so constructed as to afford him no opportunity to see or signal, either directly or by the use of a mechanical device, oncoming traffic from the rear; that plaintiff sounded his horn to warn defendant of his presence when 360 feet from the intersection and sixty feet to the rear of defendant's truck, and when about ten feet from the intersection and to the rear and on the right of defendant's truck; that defendant should be deemed to have realized the imminence of danger to plaintiff in making a right turn from the left lane of traffic directly in front of plaintiff's vehicle, and that by reason thereof defendant was guilty of wanton negligence.

Defendant apparently concedes that the alleged facts were sufficient to constitute a cause of action for negligence, but contends that such acts were neither gross, willful nor wanton and that no action could be maintained for punitive damages.

The question for our consideration is whether the petition alleged facts, as distinguished from descriptive terms, from which the court could conclude defendant was charged with the knowledge of plaintiff's immediate presence and realized the imminence of injury to plaintiff because of his acts, but refrained from taking steps to prevent the injury because of his indifference to its possible occurrence.

In *Dill v. Miles*, 181 Kan. 350, 353, 310 P. 2d 896, it was stated:

"The general rule to be used in determining whether the facts of a given case constitute gross and wanton negligence has long been settled in this jurisdiction, our last declaration appearing in *Long v. Foley*, 180 Kan. 83, 89,

299 P. 2d 63, wherein, in quoting from *Bailey v. Resner*, 168 Kan. 439, 442, 214 P. 2d 323, it was stated:

" '. . . a wanton act is something more than ordinary negligence, and yet it is something less than willful injury; to constitute wantonness, the act must indicate a realization of the imminence of danger and a reckless disregard and complete indifference and unconcern for the probable consequences of the wrongful act. It might be said to include a willful, purposeful, intentional act, but not necessarily so; it is sufficient if it indicates a reckless disregard for the rights of others with a total indifference to the consequences, although a catastrophe might be the natural result.'

"In *Frazier v. Cities Service Oil Co.*, 159 Kan. 655, 666, 157 P. 2d 822, we stated:

" '. . . it may be concluded that as to injuries inflicted, wanton conduct or wantonness comes between negligence on the one hand and willful or malicious misconduct on the other; that it is more than negligence and less than willfulness, and to constitute wantonness the acts complained of must show not simply lack of due care, but that the actor must be deemed to have realized the imminence of injury to others from his acts and to have refrained from taking steps to prevent the injury because indifferent to whether it occurred or not. Stated in another way, if the actor has reason to·believe his act may injure another, and does it being indifferent to whether or not it injures, he is guilty of wanton conduct.' "

For other recent decisions where the rules above quoted are adhered to and pertinent portions thereof are stated in one form or another, see *Perry v. Schmitt*, 184 Kan. 758, 339 P. 2d 36, and *Allman v. Bird*, 186 Kan. 802, 806, 807, 353 P. 2d 216.

An examination of the petition reveals no specific allegation that defendant saw or knew plaintiff's car was approaching him from the rear, or that he knew plaintiff was in imminent peril. One cannot be held guilty of wanton conduct if the conduct occurs before the peril is discovered. It may be conceded that a motorist who, while driving on a highway, makes a right turn from the left lane without the proper signal or warning is guilty of lack of due care. However, such facts, standing alone, fall short of establishing that the motorist who so drives is consciously willing that injury result to others as a consequence of his careless conduct. We are of the opinion that the petition did not allege facts sufficient to warrant a recovery of punitive damages, and the judgment of the trial court is affirmed.

It is so ordered.