George L. WEBER, Appellant,

v.

BRUNSWICK CORPORATION, Appellee.

No. 8524.

United States Court of Appeals
Tenth Circuit.

Nov. 17, 1966.

Raymond B. Whitaker, Casper, Wyo., for appellant.

Robert R. Rose, Jr., Casper, Wyo. (Philip F. O'Neill, Casper, Wyo., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and CHRISTENSEN, District Judge.

SETH, Circuit Judge.

The plaintiff-appellant commenced this action asserting that he had entered into a purchase agreement with defendant-appellee for bowling lanes to be installed at Glenrock, Wyoming. Appellant further asserted that appellee's representative made certain false representations during the course of the negotiations to induce appellant to make the purchase, and sought damages therefor. The appellee answered, denying the allegations of fraud, and counterclaimed in replevin for repossession of the equipment, for attorneys' fees and costs, and damages for wrongful possession by the appellant.

The pleadings were amended several times, but the causes of action were essentially as described above. The case was tried to a jury, which returned a verdict for the appellee on its counterclaim and denied the appellant any relief on his complaint. The court thereafter entered judgment on the causes of action relating to rescission of the contract and awarding of attorneys' fees to appellant. The appellant has taken this appeal.

The record shows that appellant negotiated with the representative of appellee relative to the purchase of equipment to establish a bowling alley. The appellant signed a written order for the equipment and thereafter signed a conditional sales contract and promissory note for the purchase price remaining after the down payment. This agreement required appellant to make certain monthly payments. Appellant failed to make payments as required by the note and contract, but continued to operate the business and retain possession. The appellee obtained a writ of replevin during the course of these proceedings which was duly executed.

Appellant by his complaint raised the issue of fraud and sought damages therefor, as mentioned above. This fraud, as alleged, relates to certain statements which were made by the sales representative of the appellee to appellant during the negotiations for the purchase and sale of the bowling equipment. These statements, as testified to by appellant, were that a survey had been made by the appellee of the Glenrock community which showed that it would "support" a stated number of bowling lanes. Appellant also testified that the same agent told him that the Glenrock community would support a certain number of lanes. The points relative to the issue of fraud which were raised by appellant on this appeal relate primarily to the trial court's instructions to the jury and instructions offered by appellant which were refused by the court. The appellant also objects to a reinstruction of the jury given by the court and the manner in which it was given.

The elements of a cause of action for fraud have been stated by the Wyoming courts on a number of occasions. One of the earliest principal cases on the subject is First National Bank v. Swan, 3 Wyo. 356, 23 P. 743. In this case the

court was concerned with statements of opinion and statements as to future events. The court there held that a statement or representation which relates to the future is not a basis for a claim of fraud. Basically the same rule has been recently restated by the Wyoming Supreme Court in Davis v. Schiess, Wyo., 417 P.2d 19, which was concerned with a sale of a motel. The court there cited First National Bank v. Swan, supra, and held that an expression of opinion as to value cannot serve as the basis for an action in fraud, nor can an expression of opinion be considered to be a representation of fact. Thus in Wyoming it is apparent that an action in fraud must be based upon a statement of fact. There were other factors in the Davis case, including the purchaser's knowledge, which led to the result reached by the court. Appellant cites and relies on the case of Lawson v. Schuchardt, Wyo., 363 P.2d 90. This case, and Claus v. Farmers & Stockgrowers State Bank, 51 Wyo. 45, 63 P.2d 781, were in reality concerned with statements of existing facts and not with matters of opinion or expectation. The facts represented in the Lawson case were certainly questions of fact relating to the accessibility and existence of a lake available to the resort in question.

The trial court in the case at bar instructed the jury on the issue of damages in accordance with the Wyoming cases referred to above. The present fact and future event opinion problems were adequately covered. The elements as related to the particular case were also listed by the court as were the burdens of the appellant. The jury was further instructed that this fraud could be shown either by direct or by circumstantial evidence, taking into consideration all the facts and circumstances surrounding the transaction.

The court in its last instruction on the issue of fraud did not instruct that statements could be actionable if made by the agent recklessly without any knowledge of their truth; however, there is nothing in the record to require the giving of such an instruction as to recklessness.

■ The appellant objects to a refusal of his proposed instruction to the effect that fraud vitiates everything; however, the court in its other instructions adequately covered the issue and it was made clear to the jury that appellant could recover if fraud were established.

■■ The final instruction given by the court on the issue of fraud took place after the jury had commenced its deliberations and had requested that it be reinstructed on the issue. The jury returned to the court room, the attorneys were present, and the court reinstructed on the issue of fraud. The appellant here objects to the fact that the jury was reinstructed, and that he was "helpless" to oppose or to stop it. It is apparent that reinstructions by the court under these circumstances were clearly within the discretion of the trial judge. The jury had requested the instructions, the attorneys were present, and had adequate opportunity following the reinstructions to make whatever objections they desired; and in fact the appellant did thereafter object to the reinstruction. The rights of the parties were adequately protected. It is not incumbent on the judge to consult with the attorneys prior to such reinstructions as to what he intends to then say if there is opportunity following such instructions and before the jury commences its deliberations to make objections.

■■ Appellant also asserts that the trial court committed error in ruling on certain questions propounded to witnesses. One of appellant's principal objections relates to the refusal of the trial court to permit the appellant, who had purchased the bowling lanes, to testify as to their market value. There is no showing that appellant was in any way qualified to testify as to the value, as required by Wilcox v. Herbst, 75 Wyo. 289, 295 P.2d 755. There is in reality no issue as to the "value" of the equipment. The record shows that it was priced at a certain figure and that appellant agreed to pay this price and signed the contract to purchase. There is no issue of mis-

representation as to the value. Objection is also made to the refusal of the trial court to permit appellant to be asked about his "profits" generally without any particularization. In the context the question called for a conclusion without revealing the facts on which it was based. The books and records were available and some were introduced. The matter of income and expense was adequately developed. The court's ruling on the question was proper under the circumstances. The same may be said about the question put to the witness as to the total amount of money appellant had invested in the business. Here again the books and records were available and were ultimately used to demonstrate the facts.

The other points raised by appellant relative to rulings on questions put to the witness have been examined where a record reference appears. We find no error in the rulings of the trial judge relating to the testimony of the witnesses or objection thereto.

The appellant refers to several instances where it is asserted that the trial judge refused to instruct on certain issues other than fraud. It appears that appellant requested a further instruction of the jury that performance would be excused if the contract was induced in part by fraud. The court agreed to so instruct, but apparently through an oversight when the jury was reinstructed did not do so. Appellant did not object to the failure to give the instruction and cannot here complain. In any event other instructions relative to fraud clearly advised the jury that if fraud was established they could find for appellant. The objection on the refusal to instruct on the issue of rescission is also without merit for the reason that such issue was not presented to the jury. The other instructions requested by appellant were otherwise adequately and properly covered in instructions given by the court. When the instructions as a whole are considered, we find that all of the issues presented during the course of the trial were properly covered by the instructions given, and there is no error.

The record also shows that there was substantial evidence of a demand and refusal to give possession to support the action for replevin as contained in the counterclaim of the appellee, and there was adequate evidence to support the verdict of damages also asserted in the counterclaim of the defendant.

We find no error, and the case is affirmed.